[Wharton v. Hannon.]

# Wharton v. Hannon.

*Bill in Equity to enjoin the Obstruction of an Alley-way.*

1. *Easement; indefinite description made certain by subsequent designation.*—When a deed granting an alley-way or other easement is indefinite in its description of the particular location of the way, but the grantor afterwards definitely locates the easement intended to be conveyed, after which the grantee entered into actual possession and enjoyment, and continued therein for a long time, such location and delivery of possession is a designation of the way conveyed by the deed, and the grantee's right thereto becomes as fixed and irrevocable as if the deed had accurately and definitely described such location.

2. *Bill in equity to enjoin obstruction of alley-way; evidence.*—Where, on a bill filed to enjoin the obstruction of an alley-way it is shown that the description in the deed granting the said way from the defendant to the complainant was indefinite, but that after the grant the way was definitely located by the defendant, and was used by the complainant, evidence of oral statements made by the parties prior to the execution of the deed, indicating a purpose on the part of the grantor to acquire at some future time other adjacent lands, and locate a way different from that which was located, is incompetent.

3. *Enjoining obstruction of alley-way; jurisdiction of equity.*—Where a deed granting an alley-way does not definitely describe the location thereof, but the way is designated by the grantor and is accepted and used by the grantee, and the said grantor afterwards obstructs the way thus designated and used, a court of equity, upon proper bill filed, will enjoin such obstruction, notwithstanding a better alley-way has been opened by the grantor and offered to the grantee, and although the use of the obstructed alley-way involves the crossing with teams, &c., of a sidewalk on a much used street in a city. (STONE, C. J. dissenting, holds that, in the absence of the averment, that the grantor was insolvent, and of facts showing that complainant could not obtain ample redress in an action at law, and in view of the fact that another and better way was tendered, the granting of an injunction is discretionary, and complainant in this case should be left to his action at law.)

4. *Same.*—In such a bill, filed to enjoin the obstruction of an alley-way by the grantor, there should be averments that the location of the alley-way was made, and a description of the way so located; proof of location without averment is not sufficient to warrant relief.

APPEAL from the City Court of Montgomery, in Equity.
Heard before the HON. THOS. M. ARRINGTON.

[Wharton v. Hannon.]

The bill in this case was filed by the appellee, T. W. Hannon, against W. G. Wharton; and prayed to have the defendant perpetually enjoined from obstructing an alley-way, of which the complainant alleged in his bill he was entitled to have the free and unobstructed use.

The bill of complainant sets out the purchase of the right of way in question from the defendant by Hannon & Co., and the subsequent purchase by T. W. Hannon of Hannon & Co.'s interest. After the purchase a deed to the said alley-way was given, describing the same as is set forth in the opinion; and after alleging the use and occupation of said alley-way by complainant, and the obstruction of the same by the defendant, the prayer was for an injunction. There were no allegations in the bill showing the location of the alley-way. The principal facts of the case are sufficiently stated in the opinion.

At the time of the execution of the deed granting the alley-way, the grantor, Wharton, owned only the south half of lot No. 1, and Commerce street was the only street upon which his property abutted. The defendant introduced parol evidence tending to show that the sale of the alley-way was negotiated with the defendant by one Anderson for Hannon & Co., and that there was an understanding between the defendant and said Anderson that if the defendant bought the remainder of lot No. 1, which he intended to do, he could give a right of way across the rear of lot No. 1 to Tallapoosa street; and that it was for this reason the deed, although it defines the right of way across lot No. 2, does not define it across lot No. 1, or designate the street to which the out-let was to be given. It was also shown by the evidence that the defendant, Wharton, did purchase the remainder of lot No. 1, and that he opened an alley-way across the rear thereof to Tallapoosa street, and that for many reasons this alley-way was much more convenient than the one which had been used by the complainant, and which the said Wharton closed up after the opening of the alley-way to Tallapoosa street.

Upon the submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered the temporary injunction made perpetual. The defendant appeals, and assigns as error this decree of the chancellor.

[Wharton v. Hannon.]

TOMPKINS & TROY, for appellant.—The appellee was not entitled as a matter of right to an injunction restraining the grantor from obstructing the alley-way involved in this suit. He is not entitled to an injunction, but will be left to his remedy at law, unless he shows that the obstruction sought to be enjoined will produce irreparable injury.—1 High on Injunc., §§ 848, 886 ; *Roman v. Strauss*, 10 Md. 89 ; 3 Pom. Eq. Jur., § 1338 ; *Chambers v. Ala. Iron Co.*, 67 Ala. 353. Courts consider the convenience and inconvenience to the parties and to the public ; and where, by granting an injunction, great injury will result to one of the parties, or inconvenience will result to the public, while, by its refusal, little, if any, damage will be done to the party seeking the injunction, it will be refused. *McBryde v. Sayre*, 86 Ala. 462, 5 So. Rep. 791 ; *Western Ry. v. Ala. Gr. Trunk R. R. Co.*, 96 Ala. 272, 11 So. Rep. 483–7 ; *Zabriskie v. R. R. Co.*, 13 N. J. Eq. 314.

CHARLES WILKINSON, *contra*.—The chancery court had jurisdiction of this case, and rightfully exercised its jurisdiction in enjoining the obstruction of the alley-way involved in this suit.—*Lide v. Hadley*, 36 Ala. 632 ; *Nininger v. Norwood*, 72 Ala. 281 ; *Boulo v. N. O., M. & T. R. R. Co.*, 55 Ala. 480 ; High on Injunc., § 501 ; 5 N. Y. Chancery 537 ; 3 N. Y. Chancery 538 note; 7 N. Y. Chancery 1186 ; *Hill v. Miller*, 3 Paige 254 ; *Trustees v. Cowen*, 4 Paige 510 ; *Seymour v. McDonald*, 4 Sandford Ch. 502 ; 2 Story. Eq., § 925–6–7.

Wharton could not convey to the complainant an alley-way in land that he did not own ; and the designation by him of the alley-way over that part of lot No. 1 which was owned by him at the time of the execution of the deed, fixed complainant's right.—*Hoole v. Atty Gen.*, 22 Ala. 190 ; *Lide v. Hadley*, 36 Ala. 632; *Baugan v. Mann*, 59 Ill. 492 ; *Bushnell v. Scott*, 21 Wis. 451.

HEAD, J.—On the 18th day of May, 1882, Hannon & Co. acquired by deed from W. G. Wharton and wife, an easement thus described : "The privilege and right of way to use and pass over with their horses, mules, wagons, teams, drays, trucks, carriages, employees or persons for all mercantile or business purposes a lane or alley way at least eighteen feet wide on and through the rear part of lot number two in square number eight, East

Alabama plat, and a lane or alley way of at least twelve feet wide on and through lot number one in square number eight, East Alabama plat,'' in the city of Montgomery, Alabama; "and for all time to come said right of way over and through said lots is hereby conveyed, for the purpose of giving the owners, occupants or tenants of buildings of store No. 57 Commerce street an approach and outlet free and open at all times from the rear of said premises to the street.'' The appellee, one of the firm of Hannon & Co., afterwards acquired the rights of his co-partner in this easement.  There is no controversy in reference to the eighteen feet way, the grantee being in the undisturbed enjoyment of it; but the complaint of Hannon, the grantee, is that Wharton, the grantor, has obstructed and denied him the use of the twelve feet way, and he prays for, and obtained in the lower court, injunction of that obstruction.  It is observed that the deed is indefinite as to the particular location of the twelve feet way ;so much so that the identity of the way intended to be granted could not be ascertained from it alone.  The evidence, however, very clearly discloses that immediately after the grant the way intended to be conveyed was definitely located and marked by the parties, and passed to the actual possession and enjoyment of the grantees, who continued therein unmolested until the happening of the grievances complained of in the present bill—a period of some nine years.  Such a location and delivery of possession aids the deed and secures to the grantee a good title and right to the possession of the way so located, as fixed and irrevocable as if the deed itself were perfect.—*Bannon v. Angier*, 2 Allen, (Mass.) 128 ; *Osborn v. Wise*, 7 C. & P. 761; *Kraut's Appeal*, 71 Pa. St. 64; *Jennison v. Walker*, 11 Gray (Mass.) 426 ; *Jones v. Percival*, 5 Pick. 485 ; *Wynkopp v. Burger*, 12 Johns. (N. Y.) 222.  The right of way being thus secured and defined by the deed and location, and the possession and enjoyment of the grantees thereunder, it is not permissible to introduce prior oral statements of the parties indicating a purpose, on the part of the grantor, at some time in the future to acquire other adjacent land and make a location of the way different from that which was made, and over the land so to be acquired.  Nor is it material that a better way of ingress and egress has

[Wharton v. Hannon.]

been opened by the grantor and offered to the grantee. The latter's rights are such as he acquired by his contract, and it is for him to determine whether he will surrender them and accept some other benefit in their stead. It is very clear that the fact that the use of complainant's alley-way involves the crossing, with his teams &c., of the sidewalk on Commerce street, does not make a case of such public detriment or inconvenience as justified defendant in closing the alley, or will induce the court to withhold the exercise of its remedial powers, otherwise properly invoked, to secure to the grantee the enjoyment of his easement.

Upon the evidence, therefore, as we find it in the record, we would have no hesitation in affirming the decree of the city court, but there is an omission in the bill which must work a reversal. As we have seen the deed, in itself, is imperfect, in that it fails to identify the particular land intended to be covered by the easement. It required location under it. In order to obtain relief the complainant was required to allege, as well as prove, that the location was made, and describe the way so located. Proof without allegations is not sufficient.— *McDonald v. Mobile Life Insurance Co.*, 56 Ala. 468; *Goldsby v. Goldsby*, 67 Ala. 560.

The bill fails to show the location. For this omission the decree is reversed, and the cause remanded.

STONE, C. J., dissenting.—Under the facts set forth in this record, I do not think the remedy by injunction should be allowed. There is no averment that the grantor of the easement is insolvent, and Hannon can obtain ample redress in an action at law for damages. I base my opinion on the fact that another and better outlet is tendered, in lieu of the one sought to be obstructed; and to grant injunction in a case like the present one has the appearance of operating a great hardship on Wharton, while the injury to Hannon, if any is suffered, is very slight in comparison with it. The granting or withholding injunction in such a case is discretionary, and I think the complainant should be left to his action at law.—*Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Davis v. Sowell*, 77 Ala. 262; *McBryde v. Sayre*, 86 Ala. 458; 5 So. Rep. 791; *Clifton Iron Co. v. Dye*, 87 Ala. 468, 6 So. Rep. 192.