# Jesse French Piano & Organ Co. v. Forbes *et al.*

### Bill in Equity to enjoin Interference with the Enjoyment of an Easement.

1. *Easement; when presumption that easement has been extinguished arises.*—A presumption that an easement has been extinguished arises from a possession by the owner of the servient estate adverse to the existence of an easement, which has continued for a period sufficient to give title by prescription under the statute of limitations.

2. *Same; how established by prescription.*—The user and enjoyment of a right claim, in order to become an easement by prescription, must have been adverse to the owner of the estate from which the easement is claimed, under a claim of right exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the same, and must be continued for a period equal to that prescribed by the statute for acquiring title to land by prescription.

3. *Same; must be adverse and not permissive.*—A user of a right which is merely permissive, tolerated by the owner or held under an implied license from him, is revocable at pleasure and will never ripen into a title by prescription.

4. *Same; same.*—Where the owner of property has an alley-way opened for his own use and the use of his tenants, the fact that the owner or tenants of adjoining property used and passed through such alley-way and continued to do so for a number of years, is not sufficient to establish a right by prescription in such alley-way, unless there was some act of adverse user by which the owner is given notice of the claim on the part of such persons to pass over the alley-way as may be right, as distinguished from a mere license or permission of the owner. The use of a private way, without a claim of right, can not form a basis of a prescriptive right of easement.

[Jesse French Piano & Organ Co v. Forbes *et al.*]

5. *Same; easement in unobstructed light and air can not be ac-
   quired by prescription.*—An easement in the unobstructed
   passage of light and air can not be acquired by prescription
   in this State.

6. *Same; same; case at bar.*—The uninterrupted use of swinging
   blinds upon windows opening upon an alley-way for a period
   of more than twenty years, does not imply a covenant of
   enjoyment of the flow of light and air through such windows
   on the part of the owner of the land upon which the alley-
   way was located; and, therefore, such user can not prevent
   the owner of the alley-way from constructing thereon a wall
   for a building, although by so doing there is a destruction of
   the flow of light and air through the windows opening upon
   said alley-way.

APPEAL from the City Court of Montgomery, in
Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, the
Jesse French Piano & Organ Company, against E. E.
Forbes and T. F. Wing, on July 24, 1900.

It was averred in the bill that the complainant, the
Jesse French Piano & Organ Company, had leased from
the owner thereof a storehouse in the city of Montgom-
ery, built upon a lot known as No. 28, on the south side
of Dexter avenue, and that lot No. 26, which adjoined
the complainant's leased premises on the west side,
was owned by the defendant, Teresa F. Wing, and had
been leased by her to the defendant E. E. Forbes. The
purpose of the bill was to restrain the defendants from
erecting a wall along the east side of lot No. 26, which
interfered with the alleged use by the complainant of
the alley way between the complainant's property and
the building on lot No 26, and which wall would ob-
struct the light and air enjoyed by complainant through
windows opening upon said alley way. The facts as
averred in the bill are sufficiently stated in the opinion.
Upon the filing of the bill a temporary injunction was
issued.

The defendants filed separate answers, each of which
were sworn to and they specifically denied that either
the complainant, its landlord or those under whom he
claims had the right by grant, prescription or other-

wise to the use of the alleged alley way, and in said an-
swers they set out at length the ownership of the lot
No. 26, and the fact that said alley way had, for more
than twenty years, been used exclusively by the owner
of said building, or the tenants occupying the same.
There was a motion made to dismiss the bill for the
want of equity, and a separate motion made to dis-
solve the temporary injunction upon the denials of the
answer.

Upon the submission of the cause upon the motion, the
court overruled the motion to dismiss the bill for the
want of equity, but granted the motion to dissolve the
temporary injunction theretofore issued and ordered ac-
cordingly.  From this decree the complainant appeals,
and assigns the rendition thereof as error.

GUNTER & GUNTER, for appellants.—The use of an
easement, if unexplained, is presumed to be adverse,
and the fact that the owner may use an easement with a
third person, does not tend to exclude the right of either
party to the user.  It does not destroy the adverse char-
acter of the user, which the law implies for its ·long
continuance.  And the word "exclusive" as applied to
the use which is necessary for it to assume the character
of adverse, does not mean that the right must be used
by one person only, but simply that the right should not
depend for its enjoyment upon the same right in others;
and that the party claiming it exercises it under some
claim existing in his favor, independent of all others.—2
Wait's Actions & Defenses, 694, 702; *Cox v. Forrest,*
60 Md. 74; *McKenzie v. Elliott,* 24 N. E. Rep. 965;
*Wanger v. Hipple,* 13 Atl. Rep. 81.

"The use of an easement for twenty years, unex-
plained, will be presumed to be under a claim or asser-
tion of right and adverse, and not by the leave or favor
of the owner; and such a use will not only give a title
by prescription, but will authorize the presumption of
a grant."—*Ricard v. Williams,* 7 Wheat. 69; *Jackson v.
Jackson,* 91 Ala. 292.

The user here clearly raised an implication of a grant
or covenant to keep the alley open to be used for all
purposes for which the alley way was then used and in

[Jesse French Piano & Organ Co. v. Forbes *et al.*]

the line of that use, viz., for a way and for room for eighteen swinging blinds to allow the flow of air and light into nine windows and one door, and for water, pipes, etc. As imposing new users or enlarging old ones, would not increase the servitude until a new period of limitations, so the obstructions of one user or item of user would not effect the others—the grant being once completed.—*Baldwin v. Calkins,* 10 Wend. 169.

HOLLOWAY & HOLLOWAY and W. L. MARTIN, *contra.* An easement by prescription is created only by an adverse use of the privilege with the knowledge of the person against whom it is claimed, or by use so open, notorious, visible and uninterrupted that knowledge will be presumed, and exercised under a claim of right adverse to the owner and acquiesced in by him; and such adverse use must have existed for a period equal at least to that prescribed by the statute of limitations for acquiring title to land by adverse possession.—9 Jones on Easement, §§ 164, 179, 180; *Steele v. Sullivan,* 70 Ala. 589; 8 Wait's Actions & Defenses, 693.

One circumstance always considered is, whether the user is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for unless the one loses something, the other gains nothing.—2 Wait's Actions & Defenses, p. 694; *Roundtree v. Brantley,* 34 Ala. 544, 552; *Arnold v. Stevens,* 41 Mass. 106, 110, 111. The presumption of a grant can never arise where all the circumstances are perfectly consistent with the non-existence of a grant. *Arnold v. Stevens, supra; Ricard v. Williams,* 7 Wheat. 109.

The owner of a title in fee of a foot passageway, in the absence of a covenant requiring it to be kept open for purposes of light and air and the like, may build over the way in such manner as he sees fit provided he does not interfere with the purpose for which the way was left open.—*Atkins v. Bordman,* 43 Mass. 457; *Gerrich v. Shattuck,* 132 Mass. 235. He may project bay windows over the passageway and the abutting owners have no right to complain.—*Burnham v. Nevins,* 144 Mass. 88.

There can be no easement acquired by prescription in the unobstructed passage of light and air.

This is the rule now established in all the Amercican States, with the single exception of Delaware, though in several of them the English rule was followed in early cases.—Jones on Easements, § 573; *Ward v. Neil*, 37 Ala. 500; *Keats v. Hugo*, 115 Mass. 204; 2 Wait's Act. & Def., 728-731; *Morrison v. Marquardt*, 24 Iowa 35, 92 Am. Dec. 444; *Parker v. Foote*, 18 Wend. (N. Y.) 317; *Dexter v. Tree*, 117 Ill. 532, 6 N. E. 506; *Pierce v. Fernald*, 26 Me. 436, 46 Am. Dec. 573, note 582; *Mullen v. Francis*, 19 Ohio St. 135; *Case v. Minot*, 158 Mass. 577, 22 L. R. A. 536, note.

DOWDELL, J.—The complainant, a body corporate, seeks by its bill to enjoin the respondent from obstructing and preventing its enjoyment and use of an alleged easement which it claims in a certain private alleyway over the respondent's premises. To the original bill, and bill as amended, the defendant filed a sworn answer denying the allegations as to complainant's claim or right over said alley, and moved to dissolve the temporary injunction which had been granted. The cause was heard on the bill and amended bill, the sworn answer of the defendant, and, without objection from either party, on affidavits being filed on behalf of complainant and respondent respectively. On the hearing, the chancellor rendered a decree dissolving the temporary injunction, and from this decree the present appeal is prosecuted.

The complainant predicates its claim upon a title by prescription, growing out of an adverse user by itself and those under whom it claims, in a private alleyway over defendant's premises for a period of fifty years or more. It is averred in the bill that there is a party wall between complainant's lot No. 28 and defendant's lot No. 26, both of which front on Dexter avenue in the city of Montgomery, and extends back 60 feet, and that at this point, in the construction of defendant's building, her wall was deflected onto her own lot No. 26, at right angles, a distance of five feet, and was thence built back parallel with complainant's wall and the dividing line between said lots, thus making the alleged

alleyway of five feet in width. The complainant's build-ing is a two-story structure, with a doorway opening from the lower story into said alley, and four windows below and five above, with swinging blinds 18 inches in width, attached to each window, also opening into said alley. The defendant has likewise a door and windows opening from her building into the alley. This alley was used as a foot passage-way by the occupants of both buildings, by means of which access was had to an alleged public alley in rear of complainant's building, which abutted against defendant's lot, and opened into one of the public streets of the city. It also appears that at the end of the private alley a gateway was built and maintained by the defendant, which opened into the al-leged public alley. The use of said private alley as a footway by the occupants of both buildings continued up to the year 1879, when, as it clearly appears from the evidence, the right to its use as a passage was pre-vented and denied by the defendant to the occupants of lot No. 28, and since that time continuously for more than twenty years and down to and within a short time before the filing of the present bill has been used ex-clusively by defendant and her tenants.

We think that there can be no doubt that under this state of facts, if the complainant or those under whom it claims ever had prior to the year 1879 an easement in said alley by prescription, such right or easement has been lost to the complainant by the twenty years' inter-ruption and denial of its use and enjoyment. Even in case of an easement granted by deed, a non-user, coupled with a use on the part of the owner of the servient es-tate adversely for a period of time sufficient to create the easement in the first instance, will destroy the right granted.—Washburn on Easements, 551.

But it is contended by the complainant that even if this be true, it still has a prescriptive right in the space or opening made by said alley between the walls for the purpose of air and light, inasmuch as there has never been during the period of fifty years and up to a short time before the filing of the bill any inter-ruption or interference with the user by the complain-

ant or those under whom it claims of the swinging blinds to the windows, which is claimed by the complainant to have been such an obstruction and trespass upon the land of the defendant as to call for a protest from the owner, and consequently constituted an adverse claim and user which ripened into a prescriptive title or right. That the English doctrine of ancient lights has no sanction in our jurisprudence is a principle too well settled to admit of controversy—*Ward v. Neal,* 37 Ala. 500, and cases there cited.

But it is, however, contended by appellant that while this may be conceded, the uninterrupted use of the swinging blinds, as described in the bill, for a period sufficient to create a title by prescription implies a covenant of enjoyment of the flow of air and light through the windows. We do not think this contention sound. Were these swinging blinds such as to obstruct the owner of the land in the use of the alley, or in a manner which called for a protest from the owner? We think not. It is conceded by appellant in argument that one window with swinging blinds would not necessarily call for a protest from the owner of the land over which they swung. If not one, why should two or more, when it is not shown that it was hurtful or injurious to the owner of the land? The opening and closing of the blinds for the purpose of letting in or excluding the air and light is but a momentary act. The blinds when being opened and closed covered but momentarily only a small part of the space in the alley, and neither the averments of the bill, nor the evidence, show that they in anywise interrupted or interfered with the owner in a full and free use of the alley, which is shown to have been used as a foot passage-way.—*Carrig v. Doe,* 14 Gray 583.

If the user be not exclusive, and not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such user is permissive rather than adverse. An easement by prescription is created only by an adverse use of the privilege, with the knowledge of the person against whom it is claimed, or by use so open, notorious, visible and uninterrupted that knowledge will be presumed, and exercised under

a claim of right adverse to the owner and acquiesced in by him; and such adverse use must exist for a period equal at least to that prescribed by the statute of limitations for acquiring title to land by adverse possession.—Jones on Easements, § 164. No easement can be acquired when the use is by express of implied permission.—*Ib.* §§ 179-180. The user or enjoyment of the right claimed, in order to become an easement by prescription, must have been adverse to the owner of the estate over which the easement is claimed, under a claim of right, exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the same. *Steele v. Sullivan,* 70 Ala. 589; 2 Wait's Act. & Def., 693. One circumstance always considered is, whether the user is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for unless one loses something, the other gains nothing.—2 Wait's Act. & Def., 694; *Rountree v. Brantley,* 34 Ala. 544, 552; *Arnold v. Stevens,* 41 Pick. 106. The presumption of a grant can never arise where all the circumstances are perfectly consistent with the non-existence of a grant.—*Arnold v. Stevens, supra; Ricard v. Williams,* 7 Wheaton 109.

We think that under all the circumstances, and upon the evidence in this case, in the use of the swinging blinds there was no such adverse use of the alleyway in question as could ripen into a title by prescription. It is more in consonance with right and reason to presume that such user, when it does not appear from the evidence to have been hurtful or injurious to the owner, was permissive. We are of the opinion that the chancellor committed no error in dissolving the injunction.

Let the decree be affirmed.

TYSON, J., *dissenting.*