[Gaynor v. Bauer.]

# Gaynor *v.* Bauer,

*Bill for Mandatory Injunction to Require Replacing of
Certain Drains and a Stairway, and to Enjoin
Further Molestation of Them.*

[DECIDED DEC. 21, 1905, 39 SO. REP. 749.]

1. *Appeal; Sustaining Demurrer on Wrong Ground..*—Where a
   ground of demurrer assigned to a bill should have been sus-
   tained, a decree sustaining a demurrer on another and in-
   sufficient ground, will be affirmed.
2. *Easement; Disturbance; Injunction; Remedy at Law.*—A bill
   to enjoin a disturbance of certain easements and to restore
   certain rights which have been abated, must clearly show by
   its allegation that complainant's remedy at law is inadequate.
3. *Same; Prescription.*—Where owners of adjoining land jointly
   use a drain and stairway, which are on the dividing line be-
   tween their property, such user is not adverse, so as to give
   one of them a prescriptive right to have the parts thereof sit-
   uated on the land of the other continued.
4. *Same; Creation by Deed; Necessity.*—Two persons owning in
   common two houses partitioned them by deed, each taking
   one of the houses, the boundary line being the middle of an
   alley between the houses, and providing that the alley should
   be kept open forever for the use and benefit of the owners of
   the lot, but making no mention of the drain and stairway sit-
   uated on the dividing line, and it not appearing to be reason-
   ably necessary that either grantee should have the part of
   the drain or stairway on the land of the other maintained,
   no easement is to be implied.
5. *Same; Dedication by Deed; Alleys.*—Where a deed partitioning
   land provides that an alley along the dividing line between
   the land shall be kept open forever for the use and benefit
   of the adjacent owners it is a dedication of such an opening
   as an alley, so that neither party has any right to its use
   except as an alley.

APPEAL from Mobile Chancery Court.
Heard before Hon. THOMAS A. SMITH.

[Gaynor v. Bauer.]

Bill by appellant against appellee for mandatory injunction to require appellee to replace certain drains and a stairway alleged to have been removed from the common property, and to enjoin further molestation. From a decree sustaining demurrer to the bill, this appeal is taken.

The facts sufficiently appear in the opinion.

R. Inge Smith, for appellant.—The second ground of demurrer, which was sustained by the court, went only to a part of the bill. If it can be shown that the sustaining of this ground of demurrer is error a reversal follows unless it appears affirmatively that the sustaining of this demurrer was without injury.—1 Brickell's Dig. p. 780; 3rd *Ib.* p. 406; *Bolling & Son. v. McKenzie,* 89 Ala. 470.

When the parties through whom the present litigants derive title united in a mutual partition deed divided the lands and building with their appendants and appertinancies, tenements, etc. inherited by them from the common ancestors in the condition that their ancestor had built and improved them, it amounted to an express grant by each of them to each of the others and to their heirs and assigns forever of what was partitioned to each, with its mutual and ordinary conveniences and advantages in the way of gutters, drains stairs etc., including easements that were at the time substantial parts of what was partitioned so as to estop by grant one from interfering with the use of these things by another.—36 Ala. 627; *Galloway v. Bonested,* 25 Am. Rep. 616; 6th Am. & Eng. Ency. of Law, (1 ed) p. 143 to 145. As to an estoppel by presumption from the grant and mode of use, see 19 Am. & Eng. Ency. of Law, (1 ed) p. 54; 6 *Ib.* note 1 to page 143; 2nd Smith's leading cases, p. 208; Lawson's Rights and Remedies, pp. 4525-26; 2nd Waite's Actions and Defenses, pp. 660, 661, 668, 667, 672-3, 675, 676, 677, 678 and 679. The estoppel affects all claiming under the estoppel grantor.—6th Enc. p. 143; 6th Lawson's Rights & Remedies, Sec. 2778, 2 Waite's Actions and Defenses, p. 673; *Lider v. Hadley,* 36 Ala. 627.

29

[Gaynor v. Bauer.]

Owners of the land are oftener stopped by their own previous act from doing many things on or with their their own lands, which, but for the estoppel, they would be quite free to do even to the detriment of adjacent property.—75 Ala. 516; 78 Ala. 274; *Pendleton v. Madison,* 83 Ala. 484; *Ward v. Warren,* 82 N. Y. 265. The complainant had acquired by adverse possession absolute property in the stairway and drain.—*Hoffman v. White,* 90 Ala. 354.

R. H. and N. R. CLARKE, for appellee.—The second ground of demurrer was well sustained.—*Sharpe v. Marcus,* 137 Ala. 147. If this is not true the averments of the bill show that complainant had a plain and adequate remedy at law and the demurrer setting up this fact should have been sustained.—*Wharton v. Hannon,* 115 Ala. 518. If the court erred in sustaining the second ground of demurrer, the decree should be affirmed if the other ground was well taken.—*Steiner & Lobman v. Barker & Co.,* 108 Ala. 357. The chancellor dismissed the bill upon the ground that the use of the stairway by Mrs. Toxey and those holding under her was wholly permissible, and also upon the ground that complainant could erect stairway upon her own side of the building. The burden of proving an easement is upon the party asserting it.—2 Greenleaf on Evidence, § 539; 22 Am. & Eng. Ency. of Law, (2nd ed.), p. 1216; *District of Columbia v. Robinson,* 180 U. S. 92.

In the absence of proof of a user under a claim of right hostile to appellee with her knowledge the use will be held permissive.—*Wharton v. Hannon,* 115 Ala. 518; *Piano Co. v. Forbes,* 129 Ala. 471, see same case 135 Ala. 283; *Sharpe v. Marcus,* 137 Ala. 148.

The rule is that, as between tenants in common, the hostile use, brought home to the knowledge or notice of those concerned, must be established more clearly than in ordinary cases, to create a prescription.—*Woodstock Iron Co. v. Roberts,* 87 Ala. 436, 446; *Burrow v. Meadows,* 90 Ala. 140; *Johns v. Johns,* 93 Ala. 239, 243-4.

Some stress is laid in the argument for appellant, upon the fact that the stairway was in use by Parmly at his death, for access to both the rooms, it being insisted that

the heirs took the property subject to their existing conditions.

While two parcels of land are owned and occupied by the same person, there cannot be such use of one of them as to create in the other an easement by prescription in it.—22 Am. & Eng. Encyc. 2d. ed., p. 1199; *Johnson v. Jordan*, 2 Met. 234.

The granting of an injunction is within the discretion of the court, and it being conclusively shown that the stairway in the alley obstructs its use by abutting owners, and that appellant can easily and cheaply construct a stairway on her own premises for access to her side of the upper story of the building, (Depositions of Ross and Bart, Record pp. 146-156, 157-159, and Sec. 7 of answer introduced in evidence by appellant, Record p. 40 et seq.), the court should refuse appellant an injunction and leave her to her remedy at law, even if she had proved a prescriptive right to the use of the stairway.—*McBryde v. Sayne*, 86 Ala. 458; *Wharton v. Hannon*, 101 Ala. 558, and 115 Ala. 518, 523.

Appellee, having a right to use of alley-way, had the right to abate its obstruction by the stairway to access to her door, and to her general enjoyment of her easement in the way.—*Wright v. Moore*, 38 Ala. 593; *Hubbard v. Demming*, 21 Conn. 356; *Colburn v. Richards*, 13 Mass. 420, 7 Am. Dec. 160; *Turner v. Holtzman*, 54 Md. 157; *Hayes v. Di Vito*, 141 Mass. 233, 237; *Dickinson v. Whiting*, *Ib.*, 414, 417.

Even if appellee had not the right to abate the obstruction as she did, the court should not enforce for appellant the enjoyment of the easement, where nothing more than a permissive use is established, but should leave appellant to her remedy at law.

SIMPSON, J.—This was a bill filed by appellant against appellee, complaining of the disturbance by appellee of the rights of the appellant in certain water drains, pipes, etc., alleged to be on the line between the property of complainant and defendant, and used by both for the discharge of water from the buildings of both, and also of the disturbance of complainant's rights in a certain stairway, which had been used by both; and the

bill prays that defendant be required to restore said drains, pipes, etc., and said stairway, and that defendant be enjoined from injuring, etc., the same, and be also required to pay damages for the interference with and destruction of the property.

The first insistence of the appellant is that the court erred in sustaining the demurrer to that part of the bill relating to "the vertical pipe and underground drain," "upon the ground that said bill fails to show that any part of said pipe or of said drain is upon the premises owned by the complainant." This demurrer does not seem to be well taken, as the bill shows that the vertical gutter passes down the boundary line between that part of the building owned by complainant and that part owned by defendant, and that the sewer was on the boundary line. But, even though the court should be found to be in error in sustaining the demurrer on one of the grounds assigned, if there was another ground assigned which should have been sustained, the judgment of the court in that particular will be affirmed.—*Steiner v. Parker & Co.,* 108 Ala. 357, 365, 366, 19 South. 386.

The other ground of demurrer was that complainant had an adequate remedy at law. If complainant has any rights in the premises which have been invaded, as to which we will treat more fully hereafter, no allegations in the bill show any reason why complainant could not recover full compensation at law for the damage suffered, and place the drains on her land. Appellant insists that the court could not know, in considering the demurrer, whether as a matter of fact the water could be carried off in some other way; but it was the duty of the appellate to make out her right to equitable relief by proper allegations in the bill, and there are no allegations in the bill of facts going to show that the easements claimed could not be provided for on complainant's own land, or that complainant was entitled to the easement, as will be more fully shown in the discussion of the subject hereafter. We hold that this ground of demurrer should have been sustained.—*Wharton v. Hannon,* 115 Ala. 518, 523, 22 South. 287, adopting the dissenting opinion of Chief Justice STONE in same case in 101 Ala.

[Gaynor v. Bauer.]

554, 14 South. 630. There is nothing in .the amendment to the bill which removes it from the above principle.

The undisputed facts are that the land in question was originally owned by the parties complainant and defendant (or their predecessors) in common, as an inheritance from their ancestors; that the water pipes, drains, and stairway were in position when they inherited the lands, and so remained when the deed of partition (Exhibit A) was executed. The important question to be determined, then, is: What were the rights of the complainant in the drains and stairway, which were located in whole or in part on the lands of the defendant. The subject of these quasi easements has been very exhaustively discussed in numerous cases, both English and American, and the general result of the decisions seems to be pretty clear to the effect that where a man owns two parcels of land and conveys one of them, or the owner of an estate sells a portion, "all such continuous and apparent quasi easements as are reasonably necessary to the enjoyment of the property pass to the grantee, giving rise to easements by implied grant. If, on the other hand, the quasi servient tenement is granted, while the quasi dominant tenement is retained, no easement is reserved by implication, unless it is strictly necessary to the enjoyment of the property retained."—10 Am. & Eng. Ency. Law (2d Ed.) pp. 419, 424, and notes; *Wells v. Garbutt,* 132 N. Y. 435, 30 N. E. 978; *Walker v. Clifford,* 128 Ala. 67, 29 South. 588, 86 Am. St. Rep. 74. It will be observed that, in the most favorable view that can be taken, the quasi easement must be at least reasonably necessary to the enjoyment of the estate granted, while in the case of the grant of the servient estate it must be strictly necessary in order to enjoy the benefit of this implication of law.

In a case like the present, where each party is both grantor and grantee, it is a matter of some difficulty to apply the rule above stated. The reason given for the distinction is that a "grantor cannot derogate from his grant, while the grantee may take the language of the deed most strongly in his favor."—*Wells v. Garbutt,* 132 N. Y. 435, 30 N. E. 979. It is but an implication at best, and it has been stated that "when such necessity exists

as will create by implication a right of way is a question of fact, determined by the facts of each particular case. Mere inconvenience will not constitute such necessity." Tiedeman on Real Property, § 609; *Walker v. Clifford,* 128 Ala. 74, 29 South. 588, 86 Am. St. Rep. 74. In an early case in Massachusetts, where both lots were conveyed simultaneously and no mention was made of the drain which ran from one through the other, after discussing the principles as before stated, the court said: "But neither of these rules will apply to the present case. * * * It is therefore much more like a partition between tenants in common, where each party takes his estate with the rights, privileges, and incidents inherently attached to it." The court goes on to hold that as there was a division of these two tenements, with detailed provisions in regard to the rights of each, if it was intended that one should have a perpetual right of drainage through the other, especially where it is not found to be necessary to the estate granted, "it seems reasonable to suppose that it would have been expressed."--*Johnston v. Jordan,* 37 Am. Dec. 85. In another case, cited as a leading case by Washburn in his work on Easements, where property inherited from the ancestor was partitioned, it is stated that "all the heirs came in with equal rights, and no preference arose from priority of assignment," and that, if the easement was necessary for the enjoyment of the farm, "it would pass like a right of way of necessity."—*Brakely v. Sharp,* 10 N. J. Eq. 206; *Hazard v. Robinson,* 3 Mason, 272, Fed. Cas. No. 6,281; Washburn on Easements (4th Ed.) p. 98. The same author also states that "the test of such necessity is held to be the question whether the grantee might at a reasonable expense procure for himself an enjoyment of a similar easement."—Washburn on Easements (4th Ed.) 107; *O'Rorke v. Smith,* 11 R. I. 259, 23 Am. Rep. 440. The New Jersey court of chancery seems to take a somewhat different view from that which has been sanctioned by this court, and which seems to be supported by the weight of the authorities. It holds that the presumption is the same, whether it springs from an implied grant or an implied reservation, so that, where the estate is severed by simultaneous conveyances of parcels, continuous ease-

ments which were reasonably necessary to the beneficial enjoyment continued. In that case, however, the easement claimed was the use of a window which was the only means of lighting in the rear of a store 54 feet long, so that it would seem really to come within the description of strict necessity.—*Greer v. Van Meter*, 54 N. J. Eq. 270, 33 Atl. 794.

So it is clear that, in this case, if there was any presumption at all as to the easement, it could not go beyond conveying those which were continuous and open and reasonably necessary to the enjoyment of the property granted, unless the terms of the deed of partition show a different intention. The deed of partition states that it makes a "full, perfect, and absolute partition." It conveys to each party a certain portion, with distinct lines of separation. It makes no mention of the easements in question, and does not even use the usual words conveying "appurtenances," etc. It does make special mention of the fact that the alley is to be kept open "for the use and benefit of the owners and occupants of each of said two lots, forever." It also provides for the right of one of them to build into the wall of the other. Taking, then, the definition of "necessity," as given by the authors quoted, were the easements in this case even reasonably necessary to the enjoyment of the property? It is evident that it would be a mere matter of expense and inconvenience for the appellant to build separate steps from her part of the building, as the appellee has already done from hers, and also to make a separate drain from her part of the building. So we hold that there was no grant or reservation of these easements by the partitioner, but that each party took simply the portion allotted to her with the privileges mentioned in the deed of partition.

It cannot be said that the joint use of the sewer or the stairway had any of the elements of adverse possession, so as to establish a right.—*French Piano Co. v. Forbes*, 129 Ala. 471, 29 South. 683, 87 Am. St. Rep. 71; *Sharpe v. Marcus*, 137 Ala. 147, 33 South. 821; *French Piano Co. v. Forbes*, 135 Ala. 277, 283, 33 South. 183. It is shown that the gutter and sewer were on the line between the two properties, so that they were owned jointly by them. They could continue to use them jointly as long as it was

[Gaynor v. Bauer.]

agreeable to both, and if one concluded to withdraw from the joint arrangement the only right which the other would have would be to receive compensation for her part of the joint property which was destroyed. And the same principle applies to the stairway; each party being the owner only of that part which was on her side of the line. While the alley was reserved for the use of both of them, yet, in so far as the balconies and stairways were projected over it, neither party could claim any right to project hers, except as to that part abutting her property, if, indeed, the reservation of an alley would include that at all.

The provisions of the deed of partition in regard to the alley amount to a dedication of it to the use "as an alley" by the parties to this suit and others whose property abutted on it; and, although the ultimate fee remained in them, yet each had the right to use it only as an alley; and, while each party might tacitly acquiesce in such use by the other, yet that could not give any right to either to insist that the other should continue the obstruction opposite her own property in such shape as to be used by her neighbor. Even where the city had granted the right to a party to project his stairway over an alley, it was declared a public nuisance which would be abated at the instance of a c'tizen.—*Pettis v. Johnson*, 56 Ind. 139. And in our own state, where the city authorities had granted the right to a party to project his veranda over the street, it was held that the city could remove it without compensation, as "no property was taken which was not erected by permission."—*Winter v. Montgomery*, 83 Ala. 589, 3 South. 235.

It would be a strange principle of law which would permit an injunction to prevent an abutting owner from removing an obstruction which could be abated as a nuisance. The fact that the structure was there when dedication was made could not change the terms of the dedication that it was to be kept open as an alley, which has as distinct a meaning as a street. So, then, as to these matters, it was merely a matter of damages, for which the remedy at law was complete and adequate, and no continuing disturbance of an easement, justifying an injunction.

There was no error in taxing the costs against the com plainant.

The decree of the court is affirmed.

HARALSON, TYSON, and ANDERSON, JJ., concur.