165 So.2d 112

**Joseph KRATCHOVILLE et ux.**

v.

**CLOVERLEAF PLAZA, INC.**

1 Div. 164.

Supreme Court of Alabama.

May 28, 1964.

Caffey, Gallalee & Caffey, Mobile, for appellants.

Cunningham & Bounds, Mobile, for appellee.

SIMPSON, Justice.

This is an appeal by the complainants below from a decree of the Circuit Court of Mobile County, in Equity, denying relief on a bill in equity which sought an injunction prohibiting respondent from diverting surface water upon complainants' lands, and seeking to have certain pipes removed from complainants' property and finally money damages. Complainants are tenants in common of a two to three acre tract of land adjoining that of respondent.

The lower court in denying relief decreed that appellee had a permanent easement across appellants' property for the purpose of maintaining and using pipes and a concrete drainage ditch in diverting and flowing the appellee's surface waters through said property.

The record is devoid of any proof of an execution of deed granting such easement and there is no evidence of adverse possession or prescription. To the contrary, the proof and averments clearly show that the first work was performed on appellee's land in August of 1961, and the bill of complaint was filed less than one year thereafter.

It is further noted that nowhere in appellee's pleading is there made any mention of easement or any right or claim thereto. Nor was a cross-bill filed seeking any relief on any alleged oral contract to convey an easement. The learned trial court apparently decreed, ex moro motu, a permanent easement over appellants' lands.

Such decree, when viewed in the light of the record, cannot be sustained. An easement is an interest in land and can be created in only three ways: First, by deed; second, by prescription; and third, by adverse user for the statutory period. An easement cannot be created by parol agreement between the parties. Roberts v. Monroe, 261 Ala. 569, 75 So. 2d 492; Hicks et al. v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L.R.A. 720; East Alabama Railway Co. v. Tennessee & Coosa Rivers Railroad Co., 78 Ala. 274.

There being no evidence to support any of the accepted theories of acquiring an easement in lands, this Court is without alternative but to reverse the decree of the lower court and to remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.