198 So.2d 771

Dorsey KIRKLAND

v.

Robert KIRKLAND.

4 Div. 212.

Supreme Court of Alabama.

March 30, 1967.

Rehearing Denied May 5, 1967.

J. Hubert Farmer, Dothan, for appellant.

**44**

Halstead & Whiddon, Headland, for appellee.

COLEMAN, Justice:

The parties to this suit are three brothers. Dorsey Kirkland filed his bill of complaint against his brothers, Robert Kirkland and Herbert Kirkland. We will sometimes refer to Dorsey Kirkland as complainant. In the original bill filed April 17, 1963, Robert and Herbert are both named as respondents although complainant sought an injunction against Robert only and sought no relief against Herbert.

Complainant alleged that Robert had placed a gate across a certain private road or way, which complainant had previously used in going to and from his 130-acre farm, and that Robert had locked the gate. The relief sought is to enjoin Robert from maintaining the gate across the way and from preventing or interfering with complainant's use of the way.

The private way lies in part on or along the boundary line which divides a tract of land owned by complainant from an adjoining tract of land owned by Robert and Herbert as tenants in common. The dispute, as we understand the record, is over complainant's right to use this part of the private way which lies one half on complainant's land and one half on land owned jointly by Robert and Herbert. Part of the way lies wholly on complainant's land, but we do not understand that Robert has interfered with complainant's use of that part of the way which lies wholly on his own land. Complainant charges that he is being prevented from using that part of the way which lies on the common boundary.

By amendments to the bill, complainant alleges that Herbert recognizes complainant's right to use the way, that Herbert objects to and is opposing Robert's action in placing the gate across the way, and that Herbert is agreeable to the injunction and to any and all relief prayed for by complainant. Herbert filed an answer wherein he states that the matters averred in the bill are true and correct.

The court sustained Robert's demurrers to the amended bills.

Complainant then filed a substitute bill wherein he makes the following averments:

Complainant owns and is in possession of the described 130-acre tract, the northeast corner of which lies 340 yards southwest of a paved highway. There is a private road or way twelve feet wide running from the highway to the northeast corner of complainant's land, which road is on land belonging to Robert and Herbert. As we understand the bill, Robert has not interfered with complainant's use of this 340 yards of road. Said road then runs west 1316.92 feet to a gate. This 1316.92 feet of road lies on the common boundary with the south half on complainant's land and the north half on land belonging jointly to Robert and Herbert. The private road then runs south 685.89 feet on land belonging to complainant but this 685.89

feet of road is bounded on the west by land jointly owned by Robert and Herbert. The road then runs south 800 feet over land wholly owned by complainant, and then continues south through land owned by Robert and Herbert.

In January, 1963, Robert placed the gate across the road at the west end of the call and distance alleged to be 1316.92 feet, and has refused to let complainant have passage through the gate.

Complainant has thereby been deprived of the use of the private road in getting to 75% of his land, and has had to go through land of his being planted in crops. Unless he is given access to the private road, he will have to go and come through his land with tractors, wagons, etc., over and through crops he has planted and will thereafter plant

Herbert, as aforesaid, recognizes complainant's right to use the road and is agreeable to the relief which complainant seeks.

In February, 1948, the three brothers, together with their father and mother, jointly purchased, from A. L. Hasty, the land which is now owned by complainant together with the land now owned by Robert and Herbert; the entire acreage so purchased being 363 acres. In November, 1945, the brothers and parents purchased 175 acres from the said A. L. Hasty; the total purchased on the two occasions being 538 acres.

On each of the two occasions, only a small part of the purchase price was paid; and, on each occasion, the purchasers agreed among themselves that they should grow crops on the land and pay the balance of the price; that the lands should be partitioned between complainant on one hand and Robert and Herbert jointly on the other, with the father and mother to have a life estate in all the land. The agreement to partition was not in writing but was wholly in parol.

In February, 1948, the three brothers agreed that the lands should be so partitioned that complainant would receive as his part the 130 acres described in the bill of complaint. So far as complainant's land adjoined the lands of Robert and Herbert, a boundary line was agreed to and thereafter complainant went into possession of his 130 acres and has since remained in possession of the same, subject to the possessory rights of his father and mother. Likewise Robert and Herbert went into possession of the remaining portion of the land purchased, all subject to the possessory rights of the father and mother.

On or about March 18, 1958, Robert, Herbert, and the parents executed and delivered their deed to complainant conveying to him their interest in and to his 130 acres. On said date, complainant and his wife conveyed to Robert, Herbert, and the parents all complainant's interest in the remaining portion of the lands. On February 21, 1959, Robert and Herbert, by deed, conveyed to the parents 3.3 acres of the said remaining lands, and on March 28, 1958, the parents conveyed their interest in the said remaining lands, less said 3.3 acres, to Robert and Herbert. All said conveyances were made in execution of the parol agreement made when the lands were purchased from Hasty.

At the time the lands were purchased, a family agreement was made by the three brothers to the effect that said private road was to be used by complainant and Robert and Herbert for the purpose of going from said paved highway over and along the lands of both complainant and Robert and Herbert as above set out. Complainant's land was to be used for growing crops and the adjoining land of Robert and Herbert was also likewise to be used for farming purposes.

At the time Robert and Herbert conveyed their undivided interest to complainant, and at the time he conveyed his undivided interest to them, "it was understood and agreed that said road or private way would

continue to be used" by the three brothers thereafter as the same had been used by them from 1947 until March, 1958.

The private road located on the land of Robert and Herbert for a distance of 340 yards from the paved highway to complainant's land had been used as a private road thirty years or more before the making of the family agreement.

Complainant avers that the mutual use of the private road as above described should be considered a separate and exclusive use of said road by complainant on one hand and Robert and Herbert on the other. At the time the deeds of partition were made, the road was being mutually used by the brothers. Said deeds did not mention said private road, and therefore, avers complainant, there was and is an implied grant between complainant and respondents as to said road and respondents are estopped to deny such implied grant to complainant, as he is also estopped to deny an implied grant to respondents. Complainant avers that by mutual and reciprocal use of the road for 17 years, an easement by estoppel exists.

After Robert's demurrer to the substitute bill had been sustained, Herbert, with consent of Robert, filed an amendment which made Herbert a complainant along with the original complainant, Dorsey, and left Robert as the sole respondent.

Herbert adopted the substitute bill which Dorsey had filed and Dorsey and Herbert together amended the substitute bill by adding averments as follows:

During the time since Robert locked the gate and prevented Dorsey from using the private boundary road, Herbert also has been denied use of the road; that during all the time since the original bill was filed, Robert has continued to use the private road, including the first part that lies on land owned by Robert and Herbert jointly, the second part which lies one-half on Dorsey's land and one-half on the jointly owned lands of Robert and Herbert, and also the third part which lies on land wholly owned by Dorsey; wherefore, complainants allege that Robert is estopped to deny to complainants the use of the way as previously used and as agreed upon as aforesaid.

The court sustained Robert's demurrer to the substitute bill as last amended. A motion to dismiss, as provided by amended § 755, Title 7, was made, the bill was dismissed, and complainants appealed.

The complainant, Dorsey, has assigned for error the ruling sustaining Robert's demurrer to the substitute bill as last amended. Herbert did not join in the assignments of error and did not separately assign errors.

We will continue to refer to Dorsey as the complainant. Robert will be referred to as the respondent.

The averments of the bill present an unhappy quarrel between brothers. After fifteen years of labor to acquire 538 acres of land, they now disagree as to their respective rights to use a strip of the land 1316.92 feet long and twelve feet wide, a little more than one-third of an acre. They have appealed to the law and to the law they must look to settle their dispute. The question for decision is whether complainant has an easement in Robert's land so that complainant has the right to use the boundary road.

We will consider the grounds of demurrer which assert that the bill contains no equity and that the facts averred are insufficient to support complainant's prayer for injunctive relief. Other grounds of demurrer may be well taken, but we consider the questions which appear to determine the merits of the case and settle the controversy.

If the facts averred show that complainant has a right to use the boundary road, then the facts are sufficient to show that complainant has a right to the injunction he seeks. If the facts are insufficient to show

that complainant has a right to use that road, then complainant has no right to the injunction and the bill contains no equity.

■■■■ Complainant avers that the deeds do not mention the boundary road. A parol agreement is averred, but an easement cannot be created by parol agreement between the parties. An easement is an interest in land and, generally, can be created in only three ways: first, by deed; second, by prescription; and third, by adverse user for the statutory period. Kratchoville v. Cloverleaf Plaza, Inc., 276 Ala. 562, 165 So.2d 112.

■■■■ Complainant has no deed and cannot claim an easement by deed. The earliest ownership of the land by these parties commenced in 1945, there was no actual or implied separate ownership of the respective parcels before 1945, the prescriptive period of twenty years had not run when this suit was begun in 1963, and, for that reason if for no other, complainant cannot claim an easement by prescription. The third way is by adverse possession and we will presently consider whether complainant has acquired an easement by adverse possession for ten years.

There is also sometimes an easement called a way of necessity and we will first consider whether complainant is entitled to such an easement.

■■■■ Complainant does not aver that there is no practical way of ingress and egress to his land except over the boundary road here in dispute. If one can get to his property through his own land, he cannot claim a way of necessity through the land of another. The way sought as one of necessity must be indispensable. That the way sought is more convenient than another way already existing is no reason for obtaining it as a way of necessity. Hill v. Wing, 193 Ala. 312, 325, 69 So. 445. The averments of the bill show that complainant has a way of ingress and egress to all his land, although such way is less con-

venient than the way over the common boundary. Complainant has not shown that he is entitled to use the boundary road as a way of necessity.

We come to the question whether complainant's use of the boundary road has been adverse so that complainant is entitled to recover under the ten-year statute, §§ 20, 828, Title 7, Code 1940.

In Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L.R.A.,N.S., 1082, this court considered a suit by one landowner for an injunction to require an adjoining landowner to replace certain drains and a stairway which the respondent had removed. The decree sustaining respondent's demurrer to the bill of complaint was affirmed by this court on the ground of demurrer that complainant had an adquate remedy at law.

In *Gaynor*, complainant alleged that the drain, water pipes, and stairway were on the boundary line between the property of complainant and respondent and had been used by both parties. The land in question was originally owned by complainant and respondent in common as an inheritance. The pipes, drain, and stairway were in position when they inherited the land and so remained when deed of partition was executed. The deed stated that it makes a "full, perfect, and absolute partition." It conveyed to each party a certain portion with distinct lines of separation. It made no mention of the easements in question. It did provide that an alley should be kept open for the use of the owners of each of the two lots forever. This court held that there was no grant or reservation of an easement by the partitioner, but each party took simply the portion allotted to her with the privileges mentioned in the deed. This court said:

"It cannot be said that the joint use of the sewer or the stairway had any of the elements of adverse possession, so as to establish a right. (Citations omitted.) It is shown that the gutter and sewer were on the line between the two properties, so that they were owned joint-

ly by them. They could continue to use them jointly as long as it was agreeable to both, and if one concluded to withdraw from the joint arrangement the only right which the other would have would be to receive compensation for her part of the joint property which was destroyed. And the same principle applies to the stairway; each party being the owner only of that part which was on her side of the line. . . . ." (144 Ala. at pages 455 and 456, 39 So. at page 751)

In the instant case, each party was owner of only that part of the boundary road on his side of the line. The use of the part on the other side was not adverse to the other owner. Such use was permissive only.

In Louis Pizitz Dry Goods Co. v. Penney, 241 Ala. 602, 605, 606, 4 So.2d 167, 170, with respect to use of another stairway on the boundary line this court said:

"The right of user here involved being mutual is incapable of adverse possession as against one or the other of the coterminous proprietors and is therefor(e) not subject to the doctrine of prescription. (Citation omitted.)"

Some other courts, perhaps a majority of them, have taken the opposite view and hold that each adjoining owner's use of the boundary way is adverse to other owner; 27 A.L.R.2d 334; but we are not persuaded that we should overturn the previous holdings of this court which are of the nature of a rule of property.

In Wilkinson v. Hutzel, 142 Mich. 674, 106 N.W. 207, where adjoining owners used a boundary driveway, one-half being on each lot, the court held there was no hostile and adverse use by either owner as against the other, and that the use of the way was simply a license revocable at any time by either party. The court said:

" . . . . An acquiescence for a long term of years between adjoining owners in such mutual user of a way would not create title in and to the land of the other in either party for the reason that there was nothing hostile or adverse in such user. . . . ." (142 Mich. at page 677, 106 N.W. at page 208)

In *Gaynor*, supra, no express oral agreement was considered. An oral agreement is averred in the instant case. We are of opinion, however, that the oral agreement does not change the result. An easement cannot be created by oral agreement. *Kratchoville*, supra. The oral agreement merely serves to show that the use of the boundary way was permissive and not adverse. In Sexton v. Holt, 91 Kan. 26, 136 P. 934, a dispute arose over use of a boundary road located on the lands of two brothers who had inherited and partitioned the land. The court held that neither had acquired a right in that half of the boundary road which lay on the other's land, although the way had been used by both owners under an oral agreement made twenty-eight years before the trial. What the Kansas court said is appropriate here:

"The arrangement between the two brothers was not reduced to writing. It was made for mutual convenience and was allowed to rest upon mutual confidence. It gave neither one any interest in the land of the other because of the statute of frauds. Therefore nothing but reciprocal licenses were created, and use under a license will not ripen into an easement by prescription, however long continued. Use according to permission to use is not adverse. To be adverse the use must be under a claim of right with the knowledge of the owner of the estate but without his consent. (Citations omitted.) . . . ." (91 Kan. at pages 27 and 28, 136 P. at page 934)

No easement can be acquired when the use is by express or implied permission. Jesse French Piano & Organ Co. v. Forbes, 129 Ala. 471, 478, 29 So. 683.

We fail to see anything in the alleged conduct of Robert on which complainant has relied so that it would be inequitable now to allow Robert to revoke the license of

complainant to use the boundary road on Robert's land. We do not think the doctrine of estoppel has any application.

We are of opinion that complainant has not shown a right to use that part of the boundary road which lies on land other than his own land.

In appellant's brief, it is argued that the court erred in sustaining the demurrer against Herbert, who is averred to be a tenant in common with Robert. We do not hold that Robert has the right to exclude Herbert from use of property they own in common. Dorsey is not a tenant in common with either Robert or Herbert, and Dorsey is not injured by the alleged wrong inflicted on Herbert in his capacity as tenant in common with Robert.

█ Dorsey does not share in and is not in privity with Herbert's rights as tenant in common with Robert. For that reason, we do not think Dorsey can complain of the wrong done to Herbert or that Dorsey has a right to reversal for a claim of error available only to Herbert. Herbert did not assign errors and the question, whether he was injured by the ruling sustaining the demurrer, is not presented for review. We think this is clear without considering the grounds of demurrer, which raise the point of misjoinder of parties complainant.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

## ON APPLICATION FOR REHEARING.

COLEMAN, Justice.

Dorsey Kirkland asks that we treat a question not treated on original deliverance, to wit, the right of Dorsey to enjoin Robert from placing the gate across that part of the boundary way which lies wholly on Dorsey's own land.

Complainant says that Robert, by placing the gate entirely across the boundary way, blocked Dorsey out from the use of his own half of the way and that the bill contains equity as to this question.

It is true that we did not consider the bill as praying for injunction to forbid Robert from blocking Dorsey's use of his own half of the boundary way. We did not consider that question because it was not raised on original submission as we understand the briefs.

In that portion of the bill quoted in brief supporting the application for rehearing, Dorsey averred that "unless said gate is removed and plaintiff is given access to said road or private way *as he had before the gate was so placed*, he will suffer great harm" etc. (Emphasis Supplied.) Dorsey was asking for removal of the entire gate and not merely that part of the gate which blocks the half of the way which is wholly on Dorsey's land.

█ We cannot sanction the practice of bringing up new questions for the first time in application for rehearing. Robinson v. Allison, 97 Ala. 596, 604, 12 So. 382, 604.

█ An application for rehearing on ground not argued or suggested until after our judgment was rendered cannot be now considered. Goodgame v. Dawson, 242 Ala. 499, 504, 7 So.2d 77; Rudolph v. Rudolph, 251 Ala. 317, 319, 36 So.2d 902; Austin v. Pepperman, 278 Ala. 551, 572, 179 So.2d 299.

Since the question was not considered, our decision is not to be understood as holding that Robert has the right to maintain the gate, or any other obstruction, across that part of the way which lies on Dorsey's land. We will observe that, so far as we are advised, if Robert continues to obstruct Dorsey's use of his own land, Dorsey would be entitled to enjoin such obstruction.

Opinion extended.

Application overruled.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.