THE PHŒNIX INSURANCE COMPANY v. CHARLES HAS-
KETT AND S. C. GARLITT.

No. 12,257. (67 Pac. 446.)

SYLLABUS BY THE COURT.

1. EASEMENT—*Definition—Creation.* An easement for a private
   way is an interest in lands, and cannot be created by a parol
   grant.

2. ——— *Prescription—Use by License.* To obtain an easement
   for a private way by prescription, the use of such private way must
   be substantially such a use as, if applied to land, would give title
   by adverse occupancy. It must have been continuous, exclusive
   to the extent the nature of the use will permit, and adverse. A
   use under a mere license will not ripen into an easement by pre-
   scription.

Error from Sumner district court; W. T. McBRIDE,
judge. Opinion filed January 11, 1902. Affirmed.

*John W. Rose,* for plaintiff in error.

*Ed. T. Hackney, George T. Pitts,* and *F. A. Dinsmore,*
for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action by the plain-
tiff below, who is the plaintiff in error here, to en-
join the continued obstruction of a private way
across the lands of the defendant in error, along
which it claimed a right to pass. The trial court
made special findings of fact, and it seems from
these, aided by the evidence introduced, which we
have looked into, that the grantor of the plaintiff
in error made an oral agreement with the grantor of
the defendant in error some eighteen or twenty years
ago, by which they should have certain mutual rights
of passage across each others' lands; that the grantor

of the plaintiff in error was permitted to pass eastward from the lands owned by him along the strip in controversy to a public highway running north and south on the east line of the lands of the defendant. This strip is twenty feet wide along the entire north line of the defendant's land. Subsequent conveyances of this land by the parties to this agreement contained no mention of this agreement or reservation of any such rights, but conveyed these lands by a description in accordance with the government survey. In a general way the grantors of the plaintiff in error and others having business with them have passed over and along the line of this twenty-foot way ever since the time of said agreement, and perhaps somewhat before that date. The defendant Charles Haskett has been since 1883 the owner of this east piece of land over which this private road is claimed, and the defendant S. C. Garlitt was at the time of the commencement of this suit, and had been for more than fourteen years theretofore, Haskett's tenant, in possession of this land.

Some thirteen or fourteen years before the trial of the action in the court below, Garlitt, without the authority or direction of Haskett, constructed the fence on the north side of this land, placing the same about twenty feet south of the north line thereof. It seems that at the time of the trial there was a fence exactly upon the north line, which had been constructed by the owner of the land to the north. When this fence was built does not appear. During all of the time Haskett has been the owner of the land he has been a resident of Saline county, and more than 100 miles from the land in question, and has only seen the land once or twice during each year of that time. He knew that there was some travel along the

north side of his land from the land of the plaintiff to the highway to the east, but he did not know until shortly before the commencement of this action that such travel was under any claim of right to go over the land.   In May, 1898, Garlitt, the tenant, removed the fence which he had built some thirteen or fourteen years theretofore and connected his other fence with the fence upon the line to the north, closed up this twenty-foot way and planted the same in crops.   This action was one to enjoin him and the owner, Haskett, from maintaining such obstruction.   At no time was there any work done at any point along this way to improve the same by either the public authorities or any private individual.

The court below refused to grant plaintiff an injunction as prayed for and it is now here seeking a reversal of this judgment.

The right to recover by the plaintiff was based upon the claim in its petition that this was a private way, but in the argument of counsel here much space is given to the discussion of what constitutes a public highway, what would be a dedication, and what acts would amount to a dedication for such highway.   Inasmuch as the plaintiff based his right to the relief prayed for upon the claim that this strip of land was a private way and not a public highway, we think this discussion is much aside from the character of this litigation.   If the plaintiff's right to the injunction prayed for grew out of the right of a private way across the land, as it alleged, then the question of dedication has no place here.   It is to the public, and for its use, that a right to a highway by dedication accrues. To be sure, a private individual would have rights upon such a highway which he might protect, but plaintiff chose to base its rights in this case upon the

claim as made in its petition, that this was a private way. We must therefore make further inquiry whether it has a right to this way from any other source.

It will be borne in mind that no written evidence of agreement relative to these private ways exists, and that whatever the agreement was, it seems to have had only a fleeting existence and was not based upon any settled purpose in the minds of the parties thereto, because neither of them recognized it when subsequent conveyances of the land were made. We may therefore put aside from our consideration any claim of right expressly growing out of this agreement, for an easement for a private way, being an interest in lands, to be effective, must be evidenced by writing.

It is, however, contended that this right is one by prescription, and we think that this was the theory adopted by the litigants and the court in the trial below. How, then, does a prescriptive right to a private way arise?

A prescriptive right to a private way is substantially the same in quality and characteristics and would arise in substantially the same manner as would title to land by adverse occupancy. It must not only be continued for the requisite period, but it must be adverse and under a claim of right, and must be exclusive and uninterrupted ; and all this with the knowledge and against the consent of the owner of the estate out of which the easement is claimed, reasonable opportunity for knowledge on his part being accounted to him for such knowledge. If one claiming an easement has been occupying an estate for the given period with the consent of the owner, this does not constitute adverse possession, but is simply a license so to do, out of which an estate by prescription can never arise. Many authorities could be cited

Insurance Co. v. Haskett.

in support of this position, but it is sufficient for our purpose to cite a recent case decided by this court, *Railway Co. v. Conlon*, 62 Kan. 416, 63 Pac. 432, in which case it appeared that the railway company had provided a crossing of planks over its track with gates in the fence enclosing the same, for the purpose of enabling the defendant in error to cross such track from one portion of her farm to the other. This way and these approaches had been maintained by the company and used by Conlon for more than twenty years, and defendant insisted that she had thereby acquired an easement by prescription in this way. The court, however, held adversely to this contention and cited many authorities in support of the holding.

Whether the original agreement relative to this private way was one conferring any adverse right or merely a license, revocable at the instance and pleasure of either party, was a question of fact. That the parties who made the same thereafter conveyed their respective lands without reference to or reservation of any right of way, strongly leads to the conclusion that their arrangement was only a mere license, revocable at pleasure, and even the allegations of plaintiff's petition lend countenance to this view, for it says that it and its grantors "have continued openly to use said road with the consent of the then owners of said land," but as we have said, whether this was an adverse use or a mere license was a fact for the trial court to ascertain, and this it did, one of its findings being as follows:

"The use of the strip of land on the north side of the Fossett land by the owners and occupants of the Richmond land for a passageway and road to th highway on the east of the Fossett land has not bee continuous, exclusive, and adverse, and is not sufficien

7—64 KAN.

to give the plaintiff herein, the present owner of the Richmond land, a title to said strip of land, or easement therein, but said use of said strip of land has been by permission of the owners of the Fossett land."

It is suggested by the plaintiff in error that this finding is one of law rather than fact, and while it is probably true that it embraces some conclusions of law, yet it is clear that it finds the fact to be that the use of this private way had not been adverse. This being true, no prescriptive right could arise out of this continued use even had it extended the requisite length of time, which under the findings and evidence we are inclined to doubt. This disposes of the claim of the plaintiff in error to the right of a private way over this land, and also of its claim of error arising out of a misconstruction or misapplication of the facts by the court below, as shown by the evidence, this evidence having been considered by this court in the above discussion.

The claim is made that error was committed by permitting a certain question to be asked and answered, because the question called for a conclusion of the witness and not a fact. We are not prepared to assent to this claim, but if it did, it seems to us that the answer was not prejudicial.

To the introduction of two letters written by an agent of the plaintiff, objection is made. We find no error in their admission.

Upon the hearing of the motion for a new trial, and in support of the claim of newly-discovered evidence as therein alleged, an affidavit was filed. We find nothing in the affidavit except facts already proven, and think those facts were only cumulative of those already in evidence, and that a new trial should not have been granted on account of the dis-

Railway Co. v. Dawson.

covery thereof.   There is not the slightest probability
that the introduction of the evidence as therein set
out would have changed the result upon another trial.

After considering the entire case and all the ques-
tions urged upon our attention, we find no reversible
error in the action of the court below.   The judgment
will be affirmed.

GREENE, POLLOCK, JJ., concurring.