No. 38,914

ROBERT F. FIEST, *Appellee*, v. EDISON W. STEERE, *Appellant*.

(259 P. 2d 140)

Opinion filed July 6, 1953.

Lee Hornbaker, of Junction City, argued the cause, and H. W. Harper, and Frank A. Bien, both of Junction City, were with him on the briefs for the appellant.

Robert A. Schermerhorn, of Junction City, argued the cause, and C. L. Hoover, and A. B. Fletcher, Jr., both of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an injunction action wherein plaintiff sought to establish an easement by prescription across a small tract of the defendant's land. Plaintiff recovered and defendant appeals.

Plaintiff commenced the action in August, 1951, by filing a petition in which he stated he had been the owner of a fifteen acre tract of land in the northeast quarter (NE ¼) of northeast quarter (NE ¼) of section thirty-one (31), township thirteen (13), range seven (7), for a period of more than three years, the land being bounded on the east by the northwest quarter (NW ¼) of the northwest quarter (NW ¼) of section thirty-two (32), township thirteen (13), range seven (7), owned by the defendant, all of such land being located in Geary County, Kansas.

The basic facts on which plaintiff relies as grounds for relief are set forth in the second and principal paragraph of his petition which reads:

"That there has been a road or travelway about twenty (20) feet in width across the Northwest (NW) corner of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼) of Section Thirty-two (32), Township Thirteen (13), Range Seven (7) East said land being in possession of said defendants which connects plaintiff's land to the main traveled highway or township road which runs east and west; that said road or highway has been unobstructed and open to the use of plaintiff and his predecessors in title as a roadway or means of ingress and egress for a period exceeding twenty (20) years; that plaintiff and his predecessors used said roadway continuously, exclusively and adversely to the defendant and his predecessors in title until the defendant Edison W. Steere placed an obstruction or fence across the same and by so doing has barred plaintiff from his only means of ingress or egress to his said property which has caused plaintiff great and irreparable damages and injury; that by reason of the above plaintiff has an *implied easement* over and across the land of the defendants; that said defendant, having placed the said fence across said road or right of way, having refused to remove the same, and having threatened to continue said obstruction upon said road or right of way, and henceforth will, unless restrained by order of this court, continue to keep said right of way obstructed; and that plaintiff has no adequate remedy at law." (Emphasis supplied.)

The petition then prays for judgment against the defendant enjoining him from obstructing the right of way or road therein de-

scribed or from interfering with plaintiff's possession or use thereof; that such right of way to plaintiff be declared to be a fixed and determined right as against the defendant; that the injunction be made mandatory and command defendant to remove the fence described therein; and that plaintiff recover his costs.

On the same day the petition was filed plaintiff made application for, and without notice obtained, a mandatory injunction, under order of the judge pro tem of the district court, requiring defendant to move the fence described in that pleading.

Defendant's answer is not involved on appeal and, except to say it joins issue on all claims made by plaintiff respecting any easement across the property in question, need not be detailed.

The day preceding the trial of the cause plaintiff filed a motion asking to amend his petition by striking the word "implied," as it appears in the heretofore quoted paragraph of such pleading. Defendant objected to this motion, claiming that the requested amendment materially changed plaintiff's claim and asked that if such amendment be allowed the mandatory injunction be dissolved, that all costs incurred in the action to date be taxed to plaintiff and that the defendant be given time to file an amended answer. Such objection was overruled and plaintiff was given leave to make the requested amendment. This was done by filing an amended pleading which, except for deletion of the word "implied" contained the same language as that used in the original petition. Defendant then asked leave to amend its answer by striking the word "implied" as used therein. Permission was granted and this was done. On the same day the cause came on for trial by the court.

Following the introduction of plaintiff's evidence defendant demurred to such evidence on the ground it failed to establish a cause of action. This demurrer was overruled. Defendant then adduced his evidence and rested. Thereupon, the court took the cause under advisement and, in due course, having been requested by defendant to do so, returned findings of fact on which he based conclusions of law to the effect plaintiff had established an easement by prescription across the real estate in question and that defendant should be perpetually enjoined and restrained from interfering with plaintiff's possession or use thereof and from placing any obstruction thereon. Defendant then moved to set aside certain of the trial court's findings of fact and conclusions of law. When this motion was overruled he perfected the instant appeal wherein, under proper specifications of error, he charges that the trial court

erred (1) in overruling his demurrer to the evidence; (2) in allowing plaintiff to amend his petition; (3) in refusing to make certain requested findings of fact and conclusions of law; (4) in denying his motion to set aside specified findings of fact and conclusions of law; and (5) in overruling his motion for new trial.

We shall treat questions raised as grounds for reversal of the judgment in the order of their disposition in the district court.

Appellant's claim the trial court erred in permitting appellee to amend his petition, in the manner heretofore indicated, requires little if any attention. Under our code great liberality is allowed in amending and supplementing pleadings (G. S. 1949, 60-759). Moreover, this court has long been committed to the rule that the allowance or denial of requests to amend pleadings are matters over which a trial court has authority to exercise wide discretion and that its action with respect thereto will not constitute reversible error unless it affirmatively appears the amendment allowed or denied is so material that it affects the substantial rights of the adverse party and constitutes a clear abuse of judicial discretion. (See *Barton v. Hackney,* 170 Kan. 197, 224 P. 2d 995; *Flaharty v. Reed,* 170 Kan. 215, 225 P. 2d 98; also G. S. 1949, 60-760.) The same rule applies with respect to rulings on applications for continuances after amendments to pleadings have been permitted. When the allegations of the instant pleading are construed in their entirety it appears that appellant was definitely advised appellee was claiming an easement by prescription and there is much merit in the latter's contention that the word "implied," as used in the petition, was intended to apprise appellant he was claiming an easement of that character as distinguished from an easement by express grant. In that situation it cannot be successfully argued the amendment permitted by the court constituted a material change in appellee's cause of action, as appellant contends, or that its ruling with respect thereto and its subsequent denial of leave for time in which to file an amended answer prejudicially affected appellant's substantial rights or resulted in an abuse of sound judicial discretion.

Next in the order of its disposition in the court below is the appellant's claim to the effect the evidence failed to establish an easement by prescription and that therefore the trial court erred in overruling its demurrer to such evidence. Ordinarily, in disposing of the issues thus raised, it would be necessary to set forth at some length, either in detail or substance, the evidence adduced by appellee in support of his cause of action. However, that will not be

necessary in the case at bar. Without attempting to place undue emphasis on inconsequential testimony or to give it weight where it would be entitled to none counsel for appellee, with commendable candor, have separated the chaff from his evidence and in their brief clearly and succinctly set forth in summarized form what they term the gist of such evidence, considered in its most favorable light and omitting any portions which might possibly be regarded as unfavorable, in the following statement:

"Plaintiff and his witnesses testified that for the past 35 to 40 years plaintiff's hay meadow was joined to the county road on the north by a small triangular tract of defendant's land; that during that period of time plaintiff and his predecessors in title had used that triangular tract as a means of ingress and egress to the meadow; that it was used everytime they had occasion to go to the meadow and particularly during the haying season each year; that during this entire period defendant's fence cut across the north west corner of his land leaving this triangular tract unfenced; that throughout this period the defendant and his predecessors in title knew of the use of this triangular tract as a means of ingress and egress to the meadow and made no objection to such use; that the way and the tracks across it were always plainly visible; that the defendant fenced in the triangular tract in 1951, thereby preventing plaintiff from reaching his meadow."

In an approach to the question now under consideration it should be remembered that under the allegations of his petition appellee claims a private right of way by virtue of a prescriptive easement. On this account and because of arguments advanced to the contrary it may as well be said at the outset that under our decisions the essential elements of his cause of action are substantially the same as those required to sustain a claim of title to land by adverse possession and must be established in like manner. Long ago in *Insurance Co. v. Haskett*, 64 Kan. 93, 67 Pac. 446, which reference to Shepard's Kansas Citations will disclose has been cited and adhered to in repeated subsequent decisions, this court held:

"To obtain an easement for a private way by prescription, the use of such private way must be substantially such a use as, if applied to land, would give title by adverse occupancy. It must have been continuous, exclusive to the extent the nature of the use will permit, and adverse. A use under a mere license will not ripen into an easement by prescription." (Syl. ¶ 2.)

And said:

"A prescriptive right to a private way is substantially the same in quality and characteristics and would arise in substantially the same manner as would title to land by adverse occupancy. It must not only be continued for the requisite period, but it must be adverse and under a claim of right, and must be exclusive and uninterrupted; and all this with the knowledge and against the consent of the owner of the estate out of which the easement is claimed,

reasonable opportunity for knowledge on his part being accounted to him for such knowledge. If one claiming an easement has ben occupying an estate for the given period with the consent of the owner, this does not constitute adverse possession, but is simply a license so to do, out of which an estate by prescription can never arise." (p. 96.)

Since claims of the character to which we have heretofore referred must be established as has been heretofore indicated it becomes obvious that what has been said and held by this court in decisions involving title by adverse possession are applicable and decisive of the rights of a party who seeks to acquire an easement by prescription across another's land. Therefore, under our decisions (See *Wilson v. Pum Ze,* 167 Kan. 31, 34, 204 P. 2d 723; *Finn v. Alexander,* 102 Kan. 607, 610, 171 Pac. 602), in order to prove a prescriptive right to an easement the appellee had the burden of establishing all the elements of prescriptive use, referred to in *Insurance Co. v. Haskett,* supra, by clear, convincing and satisfactory evidence.

No useful purpose would be served by repeating the evidence, heretofore set forth at length, on which appellee relies to sustain his position the demurrer to his evidence should have been overruled. It suffices to say that when such evidence is reviewed and carefully analyzed it becomes clear he proved, without more, that for thirty-five or forty years he had used a portion of a small, unfenced, triangular tract of appellant's land as a means of ingress and egress to his hay meadow and that throughout that period of time appellant and his predecessors in title knew of the use of such tract for that purpose and made no objection thereto. We are convinced the most that can be said for such evidence is that it established a license to use the premises in question which, under all our decisions (See, *Sexton v. Holt,* 91 Kan. 26, 136 Pac. 934; *Jobling v Tuttle,* 75 Kan. 351, 89 Pac. 699), can never ripen into an easement by prescription. Even so we are not compelled to base this decision entirely upon that premise.

At page 364 of the opinion in *Jobling v. Tuttle* we said:

"When a right of way is claimed by prescription the rule is well settled that the user or enjoyment must have been adverse as well as continuous and exclusive. If permissive merely, it is a license, which can never ripen into an easement. (*U. P. Rly Co. v. Kindred,* 43 Kan. 134, 23 Pac. 112; *Railway Co. v. Conlon,* 62 Kan. 416, 63 Pac. 432; *Insurance Co. v. Haskett,* 64 Kan. 93, 67 Pac. 446.) . . ."

In the syllabus of *Sexton v. Holt,* supra, with respect to the same subject, we held, and in the opinion (citing cases) said:

"To be adverse the use must be under a claim of right with the knowledge of the owner of the estate but without his consent."

It will be noted that *Insurance Co. v. Haskett,* supra, wherein the elements essential and prerequisite to the establishment of an easement by prescription are pointed out and discussed, is to the same effect.

It is true, as appellee suggests, the rule in this jurisdiction is that in ruling on a demurrer to evidence the evidence and inferences that may properly be drawn therefrom must be considered in the light most favorable to the party adducing it. However, in applying and giving full force and effect to that liberal doctrine it does not follow it can be extended to the point where failure to establish some one or more of the essential elements of a cause of action can be ignored or supplied by inference or speculation.

In the concluding paragraph of *Finn v. Alexander,* supra, we recognized the rule that adverse possession is to be taken strictly; that every presumption is in favor of a possession in subordination to the rightful owner; that title by adverse possession, which we may add is the equivalent of title by prescription, must be established by clear and positive proof; and that such title cannot be made out by inference.

With the foregoing principles in mind we have made an independent examination of the record for the purpose of ascertaining whether appellee or any of his witnesses testified to anything warranting a conclusion his use of the premises was under a claim of right with the knowledge of the appellant owner of the land but without his consent which, as we have heretofore pointed out, is one of the essential elements of a prescriptive right to an easement and must be established by proof. Our review of the evidence, giving it the benefit of all inferences to which it is entitled, discloses nothing which warrants or sustains such a conclusion. Therefore, under the decisions to which we have heretofore referred, we are compelled to hold the evidence failed to establish an easement by prescription and that by reason thereof appellant's demurrer thereto should have been sustained on the ground upon which it was based.

In reaching the foregoing conclusion we have not overlooked the authorities relied on by counsel for both parties on the particular subject in question which, except for three Kansas cases mentioned in this opinion, are to be found in well recognized legal treatises

and textbooks and in the main deal with abstract principles of law relating to prescriptive easements as recognized and applied in other courts. On examination such authorities have been found to be interesting but of little value in a jurisdiction where—as here—there are cases decisive of the issue and it must be conceded (See *Wagner v. Thompson,* 163 Kan. 662, 666, 186 P. 2d 278) the rule is more strict as against a person claiming by adverse possession than the rule followed in most other jurisdictions.

Neither have we ignored arguments advanced by appellee respecting the doctrine of presumptive grants. Conceding the principle is recognized in this jurisdiction it has no application unless and until there is proof of requisite adverse possession. We so held in *Meade v. Topeka,* 75 Kan. 61, 64, 88 Pac. 574. That, as we have seen, is lacking in the case at bar.

Having concluded the appellant's demurrer to the evidence should have been sustained other errors specified as grounds for reversal of the judgment become of no consequence to a disposition of the cause and require no further discussion or consideration.

The judgment is reversed with direction to sustain the demurrer to the evidence and render judgment for defendant.

It is so ordered.