No. 40,198

DAVID F. HALE and VIRGINIA HALE, his wife, *Appellants,* v. RAYMOND L. ZIEGLER and MRS. RAYMOND L. ZIEGLER, his wife, and WILLIAM G. ZIEGLER and MRS. WILLIAM G. ZIEGLER, his wife, *Appellees.*

(303 P. 2d 190)

Opinion filed November 3, 1956.

*Ralph F. Glenn,* of Topeka, argued the cause, and *L. M. Cornish, Jr.,* also of Topeka, was with him on the brief for the appellants.

*Harry Snyder, Jr.,* of Topeka, argued the cause, and *Walter T. Chaney,* also of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action commenced June 4, 1954, to quiet

title to real estate. From a judgment in favor of the defendants the plaintiffs appeal.

Certain facts, not in dispute, are stated to clarify what is later said. The lots on the west side of the 1200 block on Van Buren Street in Topeka extend westward from that street to an alley on the west. The lots have a depth of 162 feet and a frontage of 25 feet. The entire tracts of real estate owned separately by the plaintiffs and the defendants include other real estate than is later described but insofar as this case is concerned the plaintiffs own the east 30 feet of the west 60 feet of the south 20 feet and also the north 8 feet of the west 30 feet of the south 20 feet of Lot 459, and the defendants own the east 102 feet of the south 15 feet of Lot 459. The controversy is whether the defendants have a right of way over the north end of plaintiffs' real estate to permit passage from defendants' real estate to the alley on the west.

A complete review of the pleadings is not necessary. In their amended petition the plaintiffs alleged their ownership of the real estate above described as belonging to them, quiet and peaceable possession thereof by them and their predecessors in title for more than fifteen years and that defendants claimed some right of ingress and egress over the rear or north portion of their real estate by virtue of an old personal license or privilege; that defendants had not informed them whether the license was oral or in writing and they could not state whether defendants relied on an oral or written license or privilege; that defendants who claimed the right of ingress or egress were owners of described real estate including that above described as being owned by them. Other allegations are in expansion of the above. Plaintiffs alleged they claimed that defendants had no interest in plaintiffs' real estate but defendants' claims clouded plaintiffs' title and they were entitled to a judgment quieting their title and barring defendants, and they prayed for judgment accordingly.

The defendants' answer contained a general denial and allegations that one Olander, who then owned all of the real estate involved, on June 13, 1912, conveyed by warranty deed to Hannah Alexander the east 102 feet of the south 15 feet of Lot 459, the deed containing the right of way provision later quoted; that Alexander on May 21, 1914, conveyed to defendants' grandfather, F. J. Ziegler, the deed containing the same provision; that deeds from the heirs of F. J. Ziegler to defendants' father, G. W. Ziegler,

contained "substantially the same provision," and as a matter of fact the right of way had been contained in every deed since its original creation in 1912 except in a deed made in 1943 between defendants' father and mother; that the right of way across the rear of Lot 459 had been used by defendants and their father and grandfather continuously and uninterruptedly under claim of right under the above conveyances for more than thirty years last past and was the only access defendants had from their property to the rear, and "that in the alternative, defendants claim said right-of-way by prescription and way of necessity, and further that plaintiffs are estopped to deny the claim of the defendants thereto."

The plaintiffs' reply contained a general denial, a general demurrer, a denial of any actual knowledge of defendants' claims and that defendants and their father and grandfather used the right of way as alleged in their answer, and an allegation that the right of way clause was personal to Alexander; that it was so indefinite and vague as to be of no legal force; that it contained no limitation of time, and that the deed from F. J. Ziegler to G. W. Ziegler dated October 29, 1934, contained a provision that it was agreed that Hannah Alexander and C. M. Alexander have such right of way and defendants therefore acquired no interest in or to the same, and further that defendants have no claim because the provision was not contained in the deed from their father to their mother in 1943. The plaintiffs renewed the prayer of their petition.

A trial was had by the court without a jury. The trial court ruled that the burden of proof was upon the defendants and certain facts, later mentioned, were stipulated, and evidence of the defendants and of the plaintiffs was received. After considering the evidence and the argument and briefs of the parties, the trial court found that judgment should be entered for the defendants and it was so ordered. So far as the abstracts disclose, the trial court made no specific findings of fact nor any statement of its reasons for its conclusion. In due time the plaintiffs filed their motion for a new trial which was denied, and in due time the plaintiffs perfected their appeal to this court, their specifications of error covering the matters contained in their brief and hereafter discussed.

Before taking up appellants' contentions we take note of the deeds covered by stipulation, all of which were duly recorded. Although other lots or parts thereof were conveyed, we restrict our statements to Lot 459.

Prior to June 13, 1912, C. E. Olander owned the entire lot. On that date he and his wife conveyed by warranty deed to Hannah Alexander the east 102 feet of the south 15 feet of the lot, the deed containing the following clause: "It is hereby understood and agreed that the party of the second part shall have a right of way of ten (10) feet to the alley on the rear part of lot number Four Hundred Fifty-nine (459)."

On May 15, 1914, Hannah Alexander and C. M. Alexander, her husband, conveyed by warranty deed to F. J. Ziegler under the last above description, the deed containing the same clause as above quoted. On October 29, 1934, the heirs of F. J. Ziegler conveyed by warranty deed to G. W. Ziegler the real estate last described. The deed contained the following clause:

"It is hereby understood and agreed that *Hannah Alexander and C. M. Alexander* shall have a right of way of ten feet, to the alley on the rear part of lot number four hundred fifty nine." (Emphasis supplied.)

On April 8, 1943, G. W. Ziegler, a single man, conveyed by warranty deed to Nellie S. Ziegler "his former wife" the real estate above described. This deed made no mention of the right of way.

At some later date Nellie S. Ziegler died and the defendants claim under her as her heirs.

On January 15, 1917, C. E. Olander conveyed by warranty deed to his wife Hannah C. the west 60 feet of the south 15 feet of Lot 459, the deed containing no reference to the right of way. On May 13, 1927, Hannah C. Olander and C. E. Olander, her husband, conveyed the last mentioned real estate by warranty deed to Walter J. Teat and Josephine Teat, and on April 22, 1946, Walter J. Teat and Josephine Teat, his wife, conveyed to David F. Hale and Virginia Hale, the plaintiffs, and appellants in this action, the real estate last above described. None of the last three deeds contained any statement as to the right of way.

At the trial considerable evidence was received as to the use or nonuse of the claimed right of way by the defendants and their predecessors in title. No purpose will be served in detailing or making any summarization thereof. It must suffice to say that the evidence was conflicting. The trial court's judgment had implicit in it a finding that the right of way was established in 1912 and was continuously used by the appellees and their predecessors in title from that date to the time the instant action was commenced. Under the repeated holdings of this court a verdict, or finding of

fact, made by the trier of the facts and supported by the evidence, will not be disturbed on appeal. See West's Kansas Digest, App. & E., §§ 1001 to 1013 incl., and Hatcher's Kansas Digest, App. & E., §§ 495 to 508 incl. Our examination of the record as abstracted discloses a conflict in the evidence but ample evidence which if credited, as it was, supported the trial court's finding and judgment. The contentions of the appellants must be considered in the light of the above rule.

Appellants first contend that the appellees cannot defeat appellants' right to quiet their title by relying on a privilege (grant) which has been returned by them to a third person, and directing attention to the clause in the deed from the heirs of F. J. Ziegler to G. W. Ziegler made in 1934, above mentioned, that Hannah Alexander and C. M. Alexander shall have the right of way; that the right of way is not mentioned in later Ziegler deeds and that they do not claim under the Alexanders, it is argued appellees now have no interest in the right of way; that any interest therein is in the Alexanders and where appellants are in actual possession, appellees cannot defeat appellants' action except by showing paramount title in themselves and that they cannot defeat such action by showing a superior title in some third person, citing *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, 135 P. 2d 559. Conceding for purposes of discussion that the contention might be sustainable if standing alone, we are met with the appellees' pleaded defense of a right of way by prescription and adverse use, their evidence of continued use after 1934, and to the date the action was commenced, and by the trial court's judgment in their favor. That judgment includes a finding in appellees' favor on the question of adverse use.

Appellants' second contention is that appellees were estopped to claim a right of way. They direct attention again to the deed last above mentioned and to our decision in *Dillon Investment Co. v. Kinikin*, 172 Kan. 523, 241 P. 2d 493, where it was held that where a plaintiff accepts a warranty deed containing exceptions and reservations as to a right of way, he is estopped to question their validity and may not maintain an action to quiet title against defendants entitled to use such right of way, and to 28 C. J. S. 679 that one accepting a deed creating, reserving or excepting an easement is bound thereby, and say that appellees and their predecessors in title are estopped from questioning the clause in the above

deed. Their argument is not expanded in any manner. We shall not discuss any question as to the extent of the claimed estoppel, further than to observe appellees might be estopped as against the Alexanders or their successors in title, and appellants are not in that class. Notwithstanding the deed, appellees and their predecessors were not estopped from acquiring a right of way over the appellants' real estate by adverse possession, and what is said in discussing the first contention is applicable here.

Appellants' third contention is that the right of way created by the Olander deed to Alexanders in 1912 was void for the reason it was indefinite, vague and uncertain and our attention is directed to the fact it called for a ten-foot strip; that as to the east thirty feet, appellants own only an eight-foot strip, that other persons to the north or south may be affected, and it is essential that both the dominant and servient estates be definite and distinct, and our attention is directed to *McBride v. Steinweden*, 72 Kan. 508, 83 Pac. 822, holding that a description in a deed which is so vague and uncertain as to be meaningless and there is nothing in the deed by which identity can be ascertained, is void; to *Wilson v. Glenn*, 123 Kan. 16, 254 Pac. 694, where the rule is referred to, as well as to a statement in 16 Am. Jur. 588, that a deed must contain a sufficient description to make ascertainable the boundaries of the part intended to be conveyed. Application as to the above rules is not unlimited. It has been said by courts in many jurisdictions that if an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right, in the first instance, to designate its location, which must be exercised in a reasonable manner and with due regard to the rights of the owner of the easement (17 Am. Jur. 978). If it be assumed the description was vague and uncertain, there is no doubt, under the evidence, that at the time of its inception, the easement was recognized by the then owners as covering the lands now owned by appellants as being on the particular part used by the appellees and their predecessors in title. In *Herod v. Carter*, 81 Kan. 236, 106 Pac. 32, this court considered a description of land in a tax deed and held it need not be so complete that a resort to extrinsic evidence to determine identity and location was unnecessary, and that a deed would not be declared void for uncertainty when the light which contemporaneous facts and circumstances furnishes, renders the description definite and certain. In the case at bar the original grantor, Olander, could not be heard to say that he had not

granted an easement over the east sixty feet of Lot 459; under the evidence it was established where appellees now claim it to be, and we believe it may not now be said the grant was so uncertain it was and is not now enforceable. What has been said up to this point is on the assumption that appellees' claim is based solely on the written grant. What has been said as to easement by adverse use need not be repeated.

Appellants' fourth contention is that appellees and their predecessors in title lost any right to the right of way by abandonment, and is merely another argument that by the statement in the deeds from the F. J. Ziegler heirs to G. W. Ziegler in 1934, it was agreed the Alexanders should have the right of way now in question, constituted an abandonment, and our attention is directed to *Abercrombie v. Simmons,* 71 Kan. 538, 81 Pac. 208, 114 Am. St. Rep. 509, 1 L. R. A. (n. s.) 806, holding that a deed conveying a strip of land to a railroad company for an easement will not vest an absolute title in the company, but the interest conveyed is limited by the use for which the land is acquired, and when that use is abandoned the property will revert to the adjoining land owner, and to *Kimberlin v. Hicks,* 150 Kan. 449, 94 Pac. 335, holding that an easement may be lost by abandonment. It may be doubted that any grant to the Alexanders of a right of way over an easement owned by the grantor constituted an abandonment of the easement. Whether the Alexanders could maintain any right to use the easement needs no discussion. In any event, the language used did not indicate any intent to surrender any rights Ziegler might have had to appellants' predecessors in title. The rules stated above and relied on by appellants require no further comment for, under the findings of fact implicit in the trial court's judgment, there was no abandonment.

Appellants' fifth contention is that appellees acquired no interest in appellants' real estate by prescription, and is predicated on their statement that only on a few occasions the appellees asked permission to use the right of way and any other use was casual or on isolated occasions. The predicate is against the record. On the assumption made they quote the rule in *Fiest v. Steere,* 175 Kan. 1, 259 P. 2d 140, that standing alone proof of long continued use extending over a period of more than fifteen years of an unenclosed portion of an adjoining owner's real estate for a roadway to a meadow land is insufficient to establish an easement by prescription,

and in order to establish a prescriptive right the appellee has the burden of establishing all of the elements of prescriptive use by clearly convincing and satisfactory evidence. Answering first the question of the sufficiency of the proof, it is observed the rule is that although the evidence must be clear and satisfactory, it is the trial court which is to be satisfied and convinced. See *Texas Co. v. Sloan*, 175 Kan. 735, 741, 267 P. 2d 919, and cases cited. The facts in this case show that the appellees did not rely solely on proof of long continued use. Their rights, whatever they be held to be, had their source in the clause as to a right of way contained in the deed from Olander to Alexander in 1912 and their continued use of the right of way from the date of the grant to the date the instant action was commenced. If it be assumed the above clause granted an interest in land, a matter later mentioned, it continued thereafter unless possibly relinquished by the language used in the deed from the Ziegler heirs to G. W. Ziegler in 1934. However that might be, the use continued thereafter to the date this action was commenced. The evidence, credited by the trial court, leaves no room for any inference that the appellees merely used the right of way on isolated occasions over a long period of time and that appellants knew of such use and made no objection—or stated another way, that appellees' right was a license revocable by the appellants. See also the discussion on appellants' seventh contention.

Appellants' sixth contention is that they established adverse possession against the appellees. Under this contention they direct attention to evidence favorable to them and contend that appellees made no claim to a right of way until in December, 1953. The factual basis for this contention is based on evidence not credited by the trial court and disputed by much other evidence. The contention cannot be sustained.

Appellants' seventh contention is that the right of way granted by the deed from Olander to Alexander in 1912 was merely a license and did not run with the land. The facts stated need not be repeated. The gist of the argument is that an easement may be created by an instrument clearly evincing such intent provided it complies with the formalities necessary for the conveyance of an interest in land (28 C. J. S. 676) and that the grant must contain all of the formal requisites of a grant of land and should be certain and definite in its terms, and the language used in the deed is criticized as not constituting a grant in that it did not say the

Olanders conveyed and warranted the right of way in question and did not convey to Alexander any right or privilege in the rear part of Lot 459. Our attention is directed also to 17 Am. Jur. 943, where it is said that generally when an easement is created by an express grant, words of inheritance are necessary to make it a perpetual easement, and to a quotation from 20 A. L. R. 2d 796, 797, that the view had been taken that limitations or restrictions on the users of an appurtenant way created by express grant serve to limit the use of the way to the persons designated in the grant. Without comment appellants direct our attention to *Stanolind Pipe Line Co. v. Ellis,* 142 Kan. 102, 45 P. 2d 846, for distinctions between a license and an easement.

Waiving for the time being the fact the trial court may have refused appellants relief on the ground of prescriptive and adverse use by appellees, we take up the contention as made.

In *Stanolind Pipe Line Co. v. Ellis,* supra, one question was whether a right of way for a pipe line constituted a license or an easement. In holding that an easement was created, this court quoted approvingly from 2 Tiffany on Real Property (2d ed.) 1202, as follows:

"In so far as an easement involves, as it ordinarily does, the privilege of doing or not doing a certain class of act on or in connection with another's land, there is a superficial resemblance between an easement and the privilege created by a license. The distinction between such an easement and a license privilege lies primarily in the fact that the licensee has a privilege and nothing more, while the holder of an easement has not only a privilege but also rights against the members of the community in general, including the owner of the land, that they refrain from interference with the exercise or enjoyment of the privilege."

We are of the opinion that under the rule stated, the deed last mentioned created an easement.

In *Insurance Co. v. Haskett,* 64 Kan. 93, 67 Pac. 446, this court held that an easement for a private way was an interest in land.

We shall not devote much time to the proposition that to create a permanent easement, it is necessary that words of inheritance be used. Under G. S. 1949, 67-202, words of inheritance shall not be necessary to create or convey an estate in fee simple. It would seem that a grant of less than a fee simple estate required no more.

The record as abstracted makes reference to the various deeds mentioned but no full copy of the deed from Olander to Alexander in 1912 or of any subsequent deed is shown. But whether the form

used was that provided by G. S. 1949, 67-203, or the so-called "standard form" more commonly used, there is no showing that under any of them the intent of the grantor to pass a less estate expressly appeared or was necessarily implied in the terms of the grant, and under those circumstances the conveyances passed all of the estate of the grantor. (G. S. 1949, 67-202.) And the same is true as to subsequent deeds to various members of the Ziegler family.

We are of the opinion that under the language used in the deed from Olander to Alexander there was a grant of an easement, and not of a mere license; that it created an easement not limited to the grantee named and that it passed to subsequent grantees.

The record as abstracted, briefed and argued, has been given patient attention. The issue for decision under the pleadings was largely one of fact. Appellants have not made it appear the trial court erred in its judgment and accordingly that judgment is affirmed.