No. 40,396

Harold Cooper, *Appellee*, v. Motors Insurance Corporation, a corporation, *Appellant*.

(308 P. 2d 131)

Opinion filed March 9, 1957.

*Horace A. Santry*, of Salina, argued the cause, and *John I. Young*, of Salina, was with him on the briefs for the appellant.

*A. W. Relihan, T. D. Relihan*, and *Terry E. Relihan*, all of Smith Center, were on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an action to recover damages on a contract of fire insurance covering an automobile. Plaintiff recovered and the defendant appeals. We shall continue to refer to the parties as plaintiff and defendant.

The questions herein presented for appellate review are twofold but involve only one legal proposition, which is whether there was sufficient evidence to support the special findings of the jury as reflected in the jury's answers to special questions. Defendant also questions the overruling of its demurrer to plaintiff's evidence, but

that will be disposed of by what will be said hereafter in our treatment of the jury's findings.

Full detailed statement of the evidence is unnecessary and only the pertinent parts will be referred to. On November 28, 1952, plaintiff's 1950 Buick automobile was insured by a policy (previously issued by defendant) which contained a clause that upon the company's request, the insured should exhibit the damaged property to the company. This presents the first issue of this appeal. The evidence was undisputed that the automobile was totally destroyed by fire on November 28, 1952, that defendant was notified thereof, and in December, 1952, one adjuster of defendant took an eight page statement from plaintiff. Later two adjusters of defendant went to the farm home of plaintiff, discussed the matter, took pictures of the ruins of the car, and jacked up the frame so as to obtain unburned tire samples, which pictures and samples were produced at the trial by the defendant. At a later time, in the absence of and without notice to plaintiff, a wrecker, directed by the adjusters, was sent to plaintiff's home to tow the ruins of the car to Smith Center, which action was prevented by plaintiff's mother.

The trial court submitted a special question which was answered by the jury as follows:

"Question No. 1: Did the plaintiff prevent his automobile from being exhibited to defendant after the fire at a reasonable time and place, as designated by defendant? A. No."

When viewed in the light of the evidence, we must follow the well-established rule that a finding of fact by the trier thereof when supported by the evidence will not be disturbed on appeal. (*Hale v. Ziegler*, 180 Kan. 249, 303 P. 2d 190.)

In order to understand defendant's next contention, we will set out question No. 3 and its answer, as well as question No. 4, which is the one challenged,

"Question No. 3: Do you find that defendant's agents committed any act or acts of fraud in obtaining the releases? A. Yes.

"Question No. 4: If you answer the previous question 'yes,' then state the nature of said act or acts? A. A material misrepresentation of a material fact made knowingly. The plaintiff relied on such misrepresentation and acted on it to his detriment. Inadequacy of the monetary consideration."

Question No. 4 is challenged as being a pure legal conclusion as well as not being supported by the evidence. Without detailing the conflicting evidence on this point, it will be sufficient to say

there was evidence upon which the jury could have based its answer. As to the answer being a legal conclusion, there is no showing in the record that defendant requested another special question or requested a more definite factual answer, which it had the right to do, and it is too late to complain on appeal. (*Farmer v. Central Mut. Ins. Co.*, 145 Kan. 951, syl. ¶ 6, 67 P. 2d 511.) It may be noted that the answer to question No. 4, as were the others, was in harmony with the general verdict. (*Baker v. Western Cas. & Surety Co.*, 164 Kan. 376, syl. ¶ 2, 190 P. 2d 850.)

The record presents no error and the judgment is affirmed.