NOT DESIGNATED FOR PUBLICATION

No. 127,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL MCGARRAH,
*Appellant*,

v.

PATRICK CONNELL and CONNELL FARMS, LLC,
*Appellees*.


MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Submitted without oral argument. Opinion filed May 2, 2025. Affirmed.

*Joshua S. Albin*, of Adams Jones Law Firm, P.A., of Wichita, for appellant.

*Tim Connell*, of Connell & Connell, of El Dorado, for appellees.


Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.


PER CURIAM: Michael McGarrah appeals the district court's dismissal of his petition seeking injunctive relief against Patrick Connell and Connell Farms, LLC, from an alleged violation of an easement by necessity. He claims the district court imposed heightened pleading requirements and incorrectly determined, by considering facts not included in his petition, that his petition failed to state a claim. The district court found that an implied easement by necessity did not exist because the petition did not allege facts showing a unity of title between the dominant and servient properties. Given the district court's consideration of facts related to a unity of title, McGarrah asserts that

Connell's motion to dismiss should have been treated as a motion for summary judgment. Finding no error, we affirm.

*Factual and Procedural Background*

McGarrah petitioned for an injunction against Connell and Connell Farms, arguing interference with an easement. McGarrah alleged that before Connell Farms purchased property neighboring his in 2007, he had received verbal permission from the previous owner, Keith Semisch, to cross the property to access otherwise inaccessible portions of his land. Then while making the purchase agreement, Connell ratified Semisch's promise by giving McGarrah written permission to cross the land. Based on these facts, McGarrah claimed that Semisch expressly granted him an easement and Connell's written permission evidenced an intent to allow the easement to run with the land. McGarrah argued that the easement was one of necessity because he could not access the southwest or southeast corners of his property without crossing Connell's land, as the southern corners of his property were blocked by "uncrossable waterway[s], thick timber, steep slopes, and rocky cliffs and bluffs." Also, McGarrah had continuously used the alleged easement to access the otherwise inaccessible portions of his property until Connell refused to allow the previously permitted use.

McGarrah attached two exhibits to his petition. The first exhibit was a copy of the general warranty deed for the property, conveyed by Semisch to Connell Farms in April 2007. The other document, titled "Permission" and signed by Connell on March 16, 2007, stated that "Michael McGarrah has permission to walk across the . . . real estate."

Connell moved to dismiss McGarrah's petition for failure to state a claim under K.S.A. 60-212(b)(6). Connell argued that an easement by necessity could not exist because such an easement requires unity of title, yet no common grantor ever owned both properties. Connell also claimed that McGarrah never acquired an express easement

2

because he did not get a written and recorded deed or declaration granting such an easement. Instead, McGarrah had simply obtained a revocable license to cross the property, which Connell had revoked. And because McGarrah had used the property with previous owner Semisch's permission, he never obtained a prescriptive easement, because that requires adverse use.

McGarrah's response argued that his petition met the basic pleading requirements and sufficiently alleged that Connell had violated an existing easement. McGarrah also suggested that discovery was warranted. He later filed an affidavit from Semisch, attesting to this:

> "Prior to the [s]ale [to Connell Farms], I had given permission to Michael McGarrah to cross the above-described property, to access the southeast and southwest corners of his property. At the time I gave this permission it was meant as an access easement by necessity, because McGarrah could not access these parts of his property due to Hickory and Honey creeks. This access easement was limited, allowing access through the gate on Grant Road, to travel along an unpaved access road to a holding pond in the northwest corner of my property, then north along the pasture to the southwest corner of his property. In addition, I allowed Mr. McGarrah to travel along Honey Creek, to the southeast corner of his property, if he did not disturb planted crops. There was no prescribed termination of these easements."

The district court held a hearing on Connell's motion to dismiss. There, McGarrah conceded that no written easement existed. Still, McGarrah argued that the parties had created an implied easement and that whether they had done so raised a question of fact, so Connell's request to dismiss was premature. When the district court asked McGarrah whether his claim required proof of unity of title, McGarrah initially responded with a legal argument, suggesting that rather than unity of title, unity of land use could suffice. But he then conceded that he had not yet located a deed or other conveyance showing prior common ownership of the properties.

3

Connell maintained that dismissal was warranted because McGarrah's pleading lacked facts showing unity of title. Quoting this language from *Smith v. Harris*, 181 Kan. 237, 311 P.2d 325 (1957), Connell argued that an easement by necessity could not have been created under the facts alleged in Connell's petition:

> "'Ways of necessity cannot be founded on an express grant, but are dependent on an implied grant or reservation, and cannot exist where there was never any unity of ownership between the dominant and servient estates. No one can have a way of necessity over the land of a stranger.'"

Connell also rejected McGarrah's argument that the issue should be explored during discovery, arguing McGarrah would not be able to show anything more than what his petition already claimed.

The district court granted Connell's motion, finding McGarrah failed to plead sufficient facts showing he had "any kind of easement in perpetuity." The district court also found that McGarrah did not need discovery to search for evidence of a unity of title, as he could have reviewed the public records before filing his petition. The district court thus held that McGarrah failed to state a claim establishing any legal right to the relief sought and dismissed the petition under K.S.A. 60-212(b)(6).

McGarrah timely appeals.

*Did the District Court Properly Dismiss McGarrah's Petition?*

"Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review." *Jayhawk Racing Properties v. City of Topeka*, 313 Kan. 149, 154, 484 P.3d 250 (2021). The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those

4

facts and any inferences reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. Dismissal is proper only when the allegations in the petition clearly demonstrate the plaintiff has no claim. *Kudlacik v. Johnny's Shawnee, Inc.*, 309 Kan. 788, 790, 440 P.3d 576 (2019); see K.S.A. 2024 Supp. 60-212(b)(6).

McGarrah's petition is concise and states few facts. It recites the ownership of the property by the two parties, then alleges:

> "6. The southwest corner of McGarrah Property is cut off from the rest of the property by a waterway commonly known as Hickory Creek. The southeast corner of the McGarrah Property is cut off from the rest of the property by Honey Creek.
>
> "7. Connell Farms purchased Connell Farms Property, from Keith Semisch and Flint Hill Properties, LLC in 2007, as demonstrated by Exhibit A hereby attached.
>
> "8. Prior to the sale of Connell Farms Property, Keith Semisch gave verbal permission and authority to McGarrah to cross his property to obtain access to the southwest and southeast corners of McGarrah Property which was followed by written permission.
>
> "9. Prior to the sale of Connell Farms Property, part of the sales agreement included continuation of the easement. After the sale of Connell Farms Property, Tim Connell, aka Patrick Tim Connell, ratified this by giving written permission to cross Connell Farms Property, to McGarrah, as demonstrated by Exhibit B hereby attached.
>
> "10. In 2022, Connell withdrew this permission."

The general warranty deed from Semisch to Connell dated April 23, 2007, makes no reference to any easement granted by Semisch to McGarrah.

The petition states only one legal claim—interference with easement:

> "12. When Keith Semisch gave permission to McGarrah to cross his property to gain access to the southwest and southeast corners of McGarrah Property he created an

5

easement. Further this easement was given as a way of necessity to access these portions of McGarrah Property, as other ways were blocked by uncrossable waterway, thick timber, steep slopes, and rocky cliffs and bluffs.

"13. This easement was ratified when Connell purchased the property and gave written permission to McGarrah, further giving evidence that this is meant to be an easement that runs with the land.

"14. An easement is created when it is given expressly, it is implied, by necessity, or by adverse possession. This easement was given in a combination of ways, due to the necessity of access to the southwest and southeast portions of the McGarrah Property, and expressly given through permission. An easement in this matter could only be terminated when the necessity ceases to exist or is abandoned. Neither of these are present in the current circumstances.

"15. As such, when Connell withdrew permission to cross Connell Farms, he interfered with an easement that was given and granted to McGarrah, both by Semisch and Connell, interfering with the necessity to access the southwest and southeast portions of the McGarrah Property.

"16. Wherefore, the Plaintiff requests injunctive relief, pursuant to K.S.A., §60.901 et seq., to prevent further interference by the defendant and to allow access to the McGarrah Property's southwest and southeast corners."

*Potential causes of action other than interference with an easement*

McGarrah first claims that the district court focused too narrowly on easements when considering his petition. He asserts that the district court needed to consider any theory supported by the facts, yet rather than assuming the facts alleged in his petition were true, the district court began its analysis with Connell's premise that McGarrah never obtained an easement.

We agree that a district court may not dismiss a petition under K.S.A. 60-212(b) unless the facts and inferences fail to state a claim on any possible theory. *Nungesser v. Bryant*, 283 Kan. 550, 559, 153 P.3d 1277 (2007). But McGarrah does not suggest any potential causes of action other than easements that could arise from the facts stated in his

petition and the reasonable inferences arising from them. McGarrah's petition raised only one claim, stating Connell improperly interfered with an existing easement. The district court considered multiple types of easements—easements by necessity, prescriptive, express, and implied—when assessing McGarrah's claim. The facts in the petition did not compel it to look further.

We next address McGarrah's argument that the district court imposed unnecessary pleading requirements. As he contends, Kansas is a notice-pleading state. See *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019). And under this standard, a petition generally needs only "(1) A short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought." K.S.A. 2024 Supp. 60-208(a); see also K.S.A. 2024 Supp. 60-208(e) (requiring courts to construe pleadings "so as to do justice"). So a legal theory of relief need not be detailed. Still, the petition must allege facts showing the petitioner is entitled to relief. See *Beck v. Kansas Adult Authority*, 241 Kan. 13, 25, 735 P.2d 222 (1987). And courts are not required to "'accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened.'" *Bruggeman v. Schimke*, 239 Kan. 245, 247, 718 P.2d 635 (1986).

McGarrah's argument here is that the district court dismissed his petition because he failed to allege specific facts showing a unity of title existed. More accurately, the district court found that the facts alleged in the petition showed that no unity of title existed—McGarrah's petition states that when the easement to cross the property was allegedly created, McGarrah and Semisch separately owned the dominant and servient properties. So the district court did not require anything more of McGarrah's petition than required under our notice pleading rules.

As the district court correctly found, unity of title is a necessary element of an easement by necessity. Both easements by necessity and other implied easements require

7

unity of title. See *Horner v. Heersche*, 202 Kan. 250, 254, 257, 447 P.2d 811 (1968) (explaining that a "way of necessity," also known as a quasi-easement, "does not arise, in any event, nor is it to be implied, until lands owned by a common grantor are separated"); *Smith*, 181 Kan. at 248; *Grimmett v. Luellen*, No. 115,870, 2017 WL 3203343, at *4 (Kan. App. 2017) (unpublished opinion) ("For [an implied easement from preexisting use], there must first '"be unity of title and a subsequent severance thereof."' *Bushart v. West*, 215 Kan. 205, 209, 523 P.2d 391 [1974] [quoting 25 Am. Jur. 2d, Easements and Licenses § 29, p. 443]."). As our Supreme Court has held, "'[w]ays of necessity cannot be founded on an express grant.'" *Smith*, 181 Kan. at 248. They must be based on an implied grant or reservation and require a unity of ownership of the alleged dominant and servient estates. 181 Kan. at 248.

The lack of unity of title precludes a finding of an implied easement by necessity. See, e.g., *DeBey v. Schlaefli*, 56 Kan. App. 2d 813, 818-20, 437 P.3d 1011 (2019) (finding owner of the western tract of land and his father created a quasi-easement to access eastern tract of land when they owned both parcels, when father built a building on the eastern tract of land and use of driveway was necessary to access the eastern tract); see also Annot. 94 A.L.R.3d 502, § 9 (explaining that the necessity must arise immediately upon severance of dominant and servient estates).

The record also supports the district court's determination that McGarrah's petition failed to state a claim under other easement theories. McGarrah had no prescriptive easement. Those are created by the adverse use of the property. *Pyle v. Gall*, 317 Kan. 499, 509, 531 P.3d 1189 (2023); see *Fiest v. Steere*, 175 Kan. 1, 5, 259 P.2d 140 (1953) (prescriptive easements arise in substantially same manner as adverse possession); *Brownback v. Doe*, 44 Kan. App. 2d 938, Syl. ¶ 1, 241 P.3d 1023 (2010) (courts look to the adverse possession statute when analyzing prescriptive easements). And McGarrah does not allege his use of the property was adverse. To the contrary, McGarrah alleged in his petition, "Semisch gave verbal permission and authority to McGarrah to cross his

8

property to obtain" access to otherwise inaccessible parts of McGarrah's property. And when Semisch sold the property to Connell, the sales agreement "included continuation of the easement." Connell acknowledged this by giving McGarrah "written permission" to continue crossing the property and thus "ratified" the previous agreement with Semisch.

The facts showing that McGarrah used the neighboring property with Semisch and Connell's permission mean that McGarrah never obtained a prescriptive easement over the property. See *Federal Savings & Loan Ins. Corp. v. Urschel*, 159 Kan. 674, 679, 157 P.2d 805 (1945) ("'[U]se by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since user as of right, as distinguished from permissive user, is lacking.'") (quoting 17 Am. Jur., Easements § 67).

The facts in the petition also show that McGarrah did not obtain an express easement. Semisch had given verbal permission for McGarrah to cross his property and Connell had given him written permission to do so. But an easement is a permanent interest in real property and must be created by deed or prescription. *Stanolind Pipe Line Co. v. Ellis*, 142 Kan. 102, 105, 45 P.2d 846 (1935). McGarrah had no easement created by deed or prescription. Semisch's promise and Connell's written acknowledgement to McGarrah did not create an easement running with the land.

True, Connell executed a writing giving McGarrah permission to cross the land, but the document states only that "McGarrah has permission to walk across" the property. And Connell signed this acknowledgment over a month before he obtained the general warranty deed to the property, when he did not yet own the property. Although this document may acknowledge a promise or create a moral obligation, it did not grant McGarrah legal rights associated with an easement. See *Brady Fluid Service, Inc. v. Jordan*, 25 Kan. App. 2d 788, 794, 972 P.2d 787 (1998) (finding permissive use can never ripen into an easement).

9

True, the court should deny a motion to dismiss under K.S.A. 2024 Supp. 60-212(b)(6) if the court can find a claim in plaintiff's petition under any possible theory. See *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013). But McGarrah suggests no non-easement theories. He does not argue on appeal that Connell's promise, even if morally binding, created a legally binding contract with him. See *M West, Inc. v. Oak Park Mall*, 44 Kan. App. 2d 35, 49, 234 P.3d 833 (2010) (three elements—offer, acceptance, and consideration—are the basic components of a valid, binding contract, whether written or verbal). Nor are the three basic contractual elements shown by the facts alleged in the petition. Considering all the facts in the petition as true, we find no legally enforceable promise to let McGarrah walk across Connell's property.

The district court appropriately dismissed McGarrah's petition for failure to state a claim under any theory.

*Did the District Court Need to Convert the Motion to Dismiss into a Motion for Summary Judgment?*

McGarrah also argues that the district court considered matters outside the pleadings, so it had to convert Connell's motion to dismiss to a motion for summary judgment.

McGarrah relies on K.S.A. 2024 Supp. 60-212(d). This statute states: "If, on a motion under subsection (b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under K.S.A. 60-256."

Our Supreme Court has recently opined that

"district courts may handle motions to dismiss in several ways. Before trial, a court may rely on pleadings alone, consider affidavits, permit jurisdictional discovery, or hold an evidentiary hearing. [*Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 263-65, 275 P.3d 869 (2012)]. If the court rules on the motion based on the pleadings and written materials without conducting an evidentiary hearing, it must resolve factual disputes in the plaintiff's favor. 294 Kan. at 270." *POM of Kansas v. Kobach*, 319 Kan. 764, 771, 561 P.3d 506 (2024).

Yet McGarrah fails to suggest any factual disputes that the district court failed to resolve in his favor. To the extent he may contend that the unity of title issue was disputed and merited more discovery, we have rejected that argument above.

A district court faced with a motion to dismiss may generally consider only the plaintiff's petition and any documents attached to it, subject to an exception inapplicable here. *Rogers v. Wells Fargo Bank, N.A.*, 64 Kan. App. 2d 290, 303, 551 P.3d 142 (2024) (permitting courts to consider an undisputedly authentic copy of a written instrument attached to a motion to dismiss without converting that request to one for summary judgment when the plaintiff's claim hinges on the language of a written instrument not attached to the petition).

McGarrah fails to specify what documents he believes the district court considered outside the pleadings. McGarrah generally contends that Connell attached "precedential evidence" to its motion to dismiss and that the court's reliance on it denied him the ability to question the "validity of the affidavit" and other evidentiary matters. But the only affidavit of record is the one McGarrah submitted and invited the court to consider.

Connell says he attached no evidentiary documents to his motion to dismiss and our review of the record confirms this is correct. He did, however, attach copies of the decisions cited in his motion. Yet such copies of decisional law are not within the factual "matters" outside the pleadings contemplated in K.S.A. 2024 Supp. 60-212(d) that trigger

the summary judgment conversion McGarrah seeks. See, e.g., *Employers Mut. Cas. Co. v. Jayhawk Fire Sprinkler Co.*, No. 124,001, 2024 WL 136654, at *4 (Kan. App. 2024) (unpublished opinion) (finding district court considered *facts* outside the petition so it should have converted the motion to dismiss to a summary judgment); *Garrison v. Ward*, No. 124,662, 2022 WL 3018176, at *5 (Kan. App. 2022) (unpublished opinion) (stating district court treated Wards' motion to dismiss as a motion for summary judgment under K.S.A. 2020 Supp. 60-212[d] because parties relied on evidence outside pleadings).

As explained above, dismissal was appropriate here. McGarrah's petition does not allege facts showing he had a legal right to enforce an easement. The district court discussed unity of title with the parties at the motion hearing, and McGarrah admitted that he had no evidence of a unity of title. The facts alleged in the petition show that Semisch and McGarrah separately owned the dominant and servient properties when the necessity arose that allegedly created the easement. McGarrah claimed that Semisch had expressly granted him an easement by necessity. Yet the facts in the petition fail to meet the applicable legal rules about the creation of an easement and thus foreclose McGarrah's claim that any enforceable easement existed.

Because McGarrah's petition failed to state a claim for relief, we affirm the district court's order dismissing his petition under K.S.A. 60-212(b)(6).

Affirmed.